**NATIONAL SECURITY ARCHIVE, Plaintiff,**

v.

**EXECUTIVE OFFICE OF THE PRESIDENT, et al., Defendants.**

**Civ. A. No. 87–1582.**

United States District Court, District of Columbia.

June 20, 1988.

David L. Sobel, Washington, D.C., for plaintiff.

Mona S. Butler, Dept. of Justice, Washington, D.C., for defendants.

## MEMORANDUM

JOHN GARRETT PENN, District Judge.

### I

This matter comes before the Court on the parties' cross motions for summary judgment. Plaintiff National Security Archive, a nonprofit public interest research institute, initiated Freedom of Information (FOIA) requests for five categories of documents generated by the President's Special Review Board, popularly known as the Tower Commission (Commission). The Commission was established by Executive Order 12575 on December 1, 1986 in order to review the activities of the National Security Council staff following revelations that staff members may have facilitated the sale of weapons systems to the government of Iran and later diverted the profits from those transactions to support the Contra insurgency in Nicaragua. The Commission submitted its report to the President on February 26, 1987 and terminated its activities thirty days later, on March 28, 1987. Following the termination of the Commission's activities, its files were transferred to the Office of the Counsel to the President.

In the Executive Order establishing the Commission, the President directed the defendant Office of Administration of the Executive Office of the President to provide the Commission with "administrative

services, funds, facilities staff, and other support services as may be necessary for the performance of its functions." The Office of Administration is a unit of the Executive Office of the President. On March 13, 1987, plaintiff National Security Archive forwarded a series of five requests citing the Freedom of Information Act to the Office of Administration.[1] That office responded to the requests on March 17 by advising the plaintiff that the Office of Administration did not maintain the records of the Commission. A subsequent request directed to the Counsel to the President was denied on April 28, 1987 on the grounds that the White House Office is not an "agency" within the meaning of the FOIA. Plaintiff then initiated this action.

## II

It is the contention of plaintiff National Security Archive that in establishing the Commission and making specific reference to the Federal Advisory Committee Act, 5 U.S.C.App. 2, the President brought the records generated by the Commission within the scope of the Freedom of Information Act, 5 U.S.C. § 552. It maintains that in light of the provisions of Executive Order 12575 directing the Office of Administration to provide the Commission with such "administrative services" as may be necessary, that office became responsible for complying with FOIA requests associated with the Commission's activities. Finally, plaintiff argues that the various components of the Executive Office of the President are purposefully engaging in a "shell game" in order to wrongfully avoid disclosure of the requested documents by shifting physical custody of the files from the Commission, which, it contends, was subject to the provisions of FOIA, to the President's counsel, who is not.[2]

Defendants argue that the Administrative Office neither maintained the files of the Commission, nor had custody or control of the documents in order to release them. In effect, it postulates that the Administrative Office is without the ability to withhold that which it never held to begin with. Moreover, defendant Culvahouse asserts that as a member of the President's immediate personal staff, he is exempt from the provisions of FOIA and consequently, this court lacks jurisdiction to enjoin him from continuing to withhold the information sought by the plaintiff.

## III

It is firmly established that in order to prevail in an action brought under the Freedom of Information Act, a litigant seeking the release of government documents must demonstrate that an agency has 1) improperly 2) withheld 3) agency records. *Kissinger v. Reporters Committee for Freedom of the Press*, 445 U.S. 136, 150, 100 S.Ct. 960, 968, 63 L.Ed.2d 267 (1980). In *Kissinger*, the Supreme Court noted that "[j]udicial authority to devise remedies and enjoin agencies can only be invoked, under the jurisdictional grant of § 552, if the agency has contravened all three components of this obligation." *Id.* As a predicate to granting relief, a court must necessarily conclude that documents falling within the Act's definition of "agency records" have been "withheld" under circumstances in which the Act mandates disclosure. With this in mind, the Court turns to an examination of those considerations.

■■■ A prerequisite to finding that the government has "withheld" an agency record from disclosure under the FOIA is a determination that the requested records

---

1. One of the five requests sought release of notes taken by Dr. Alton G. Keel, Jr., Deputy Assistant to the President for National Security Affairs, at a White House meeting involving the President and several advisors. The notes in question have since been publicly released and that segment of plaintiff's FOIA suit is moot.

2. Courts examining the question are agreed that the term "agency", as used in FOIA is not to be

interpreted as including the President's immediate personal staff or units within the Executive Office whose sole function is to advise and assist the President. *Kissinger v. Reporters Committee for Freedom of the Press*, 445 U.S. 136, 156, 100 S.Ct. 960, 971, 63 L.Ed.2d 267 (1980). Defendant Culvahouse is a member of the President's staff within the White House Office.

were in the custody or under the control of the entity requested to produce the records. *Kissinger,* 445 U.S. at 151–52, 100 S.Ct. at 968–69. *See also, Church of Scientology v. Internal Revenue Service,* 792 F.2d 146, 150 (D.C.Cir.1986), *aff'd,* — U.S. ——, 108 S.Ct. 271, 98 L.Ed.2d 228 (1987); *McGehee v. CIA,* 697 F.2d 1095, 1110 (D.C.Cir.1983). Although mere control or possession of requested records will not alone determine the question of their release, *Ciba–Geigy Corp. v. Mathews,* 428 F.Supp. 523, 531 (S.D.N.Y.1977), analysis of control remains the critical inquiry when there has been a transfer of the records in question. *Bureau of National Affairs v. U.S. Department of Justice,* 742 F.2d 1484, 1490 (D.C.Cir.1984). As a general proposition, the agency to whom the FOIA request is directed must have exclusive control of the disputed documents. *Paisley v. Central Intelligence Agency,* 712 F.2d 686, 693 (D.C.Cir.1983).[3]

█ There is no dispute in the matter before the Court as to the location and control of the documents at the time the request was made on March 13, 1987. The Commission's files were maintained by the Commission itself until turned over to the President's counsel following the transmission of the Commission's recommendations to the President. This much is apparent: the Commission did not avail itself of the records management capabilities of the Office of Administration made available to it by the President in Executive Order 12575. Nor did the Office exercise any

direction or control over the files and records compiled by the Commission. As the Court of Appeals for this Circuit recently made clear in *Tax Analysts v. United States Department of Justice,* 845 F.2d 1060, 1068 (D.C.Cir.1988), "[a]gencies must use or rely on the document to perform business, and integrate it into their files, before it may be deemed an 'agency record'." Thus, the requested documents cannot be deemed to be the records of the Office of Administration. Plaintiff contends, however, that the terms of Executive Order 12575 creating the Commission and the duties ascribed to the Office by Reorganization Plan No. 1 of 1977, 91 Stat. 1633 (1977), somehow operate to impart responsibility for the Commission's retention and release of documents to the Office of Administration, and that any transfer of the documents beyond the Office of Administration was illegal.

This assertion fails for two reasons. First, Executive Order 12575, by its own terms, directed that the resources of the Office would be made available to the Commission "as may be necessary for the performance of its functions." It did not direct the Office to maintain the Commission's files. Second, the Reorganization Plan neither authorizes nor directs the Office to manage or control the files of presidential advisory panels.

█ The Federal Advisory Committee Act,[4] at 5 U.S.C.App. 2, § 10(b),[5] mandates disclosure of the records of the Commission

3. Plaintiff cites no support for its vague contention that the Office of Administration had a duty to forward the misdirected request to the Tower Commission. Absent statutory provisions to this effect, the Court is not inclined to imply such an obligation.

4. The Federal Advisory Committee Act applies to presidential advisory commissions. Section 3(2) of the Act, 5 U.S.C.App. 2, provides in relevant part:

The term "advisory committee" means any committee board, commission, council, conference, panel, task force, or other similar group, or any subcommittee or other subgroup thereof (hereafter in this paragraph referred to as "committee"), which is—
(A) established by statute or reorganization plan, or

(B) established or utilized by the President, or
(C) established or utilized by one or more agencies,
in the interest of obtaining advice or recommendations for the President....

5. Section 10(b) of the Federal Advisory Committee Act provides:
Subject to section 552 of title 5, United States Code, the records, reports, transcripts, minutes, appendixes, working papers, drafts, studies, agenda, or other documents which were made available to or prepared by each advisory committee shall be available for public inspection and copying at a single location in the offices of the advisory committee or the agency to which the advisory committee reports until the advisory committee ceases to exist.

"subject to section 552 of title 5 of the United States Code." The FOIA requires, at 5 U.S.C. § 553(b)(3)(B), that requests for information under the Act be made in accordance with rules published by each agency stating the time, place, fees, and procedures to be followed. The procedures promulgated under § 553(b)(3)(B) by the Executive Office of the President, of which the Office of Administration is a component entity, direct at 3 C.F.R. § 101.1 that, to the extent that entities within the Executive Office of the President are subject to FOIA, "[r]equests for information from these other entities should be submitted directly to such entity." Plaintiff did not submit its request directly to the Tower Commission, which was the entity with custody and in control of the documents sought.

In order for plaintiff's FOIA request to have been properly constituted under the Federal Advisory Committee Act, it would have been necessary first, to have made a timely request during the period in which the Commission was in existence, and second, to have directed the request to the "agency" which was "in control" of the documents sought. Because the documents in question were never agency records under the control of the Office of Administration, the Office of Administration did not improperly withhold any documents. Since the FOIA request was not made directly to the Tower Commission, it is insufficient under the statute.

### IV

■ Thus, although it appears that the files and other records produced and utilized by the President's Special Review Board were, by the terms of the Federal Advisory Committee Act and the Freedom of Information Act, subject to disclosure until the Commission ceased to exist, 5 U.S.C.App. 2, § 10(b), the Court concludes that plaintiff National Security Archive did not sufficiently comply with the procedures

promulgated under the FOIA as to merit injunctive relief.[6]

Having reached this conclusion, the court need not decide a question the Supreme Court raised but did not address in *Kissinger*: whether a federal court may compel disclosure of records sought in a timely filed and properly directed FOIA request in the event it is shown that an agency official purposefully routed a document out of agency possession in order to circumvent a FOIA request. 445 U.S. at 155 n. 9, 100 S.Ct. at 971 n. 9. Nor does the Court need to consider the claim asserted by the government that presidential advisory committees are exempt from the provisions of the FOIA because they report to the President. As Judge Bazelon observed in *Soucie v. David*, 448 F.2d 1067, 1071–72, (D.C. Cir.1971): "Serious constitutional questions would be presented by a claim of executive privilege as a defense to a suit under the Freedom of Information Act, and the court should avoid the unnecessary decision of those questions."

For the foregoing reasons, the plaintiff's motion for summary judgment is denied and the defendants' motion is granted.

---

6. Plaintiff seeks to bolster its claim by noting that a FOIA request submitted by the *Nation* magazine directly to the Tower Commission while it was operating was referred to the President's counsel and denied on similar grounds.

Although the circumstances are related, the facts pertaining to the *Nation's* request are particular to that organization's rights and do not directly bear upon the relief sought by the parties before this Court.