**FOOD CHEMICAL NEWS, Plaintiff,**

v.

**ADVISORY COMMITTEE ON THE FOOD AND DRUG ADMINISTRATION, et al., Defendants.**

**Civ. A. No. 91–0516.**

United States District Court,
District of Columbia.

April 2, 1991.

Alan Butler Morrison, Public Citizen Litigation Group, Washington, D.C., for plaintiff.

Peter Modlin, Asst. U.S. Atty., Washington, D.C., for defendants.

## MEMORANDUM OPINION AND ORDER

BOUDIN, District Judge.

This case comes before the Court on plaintiff's motion, filed March 12, 1991, seeking to preliminarily enjoin various activities of defendants, including a meeting scheduled for April 11, 1991. Oral argument was heard on March 28, 1991. For the reasons stated below, plaintiff's motion for a preliminary injunction is DENIED.

### I. THE FACTS

On November 29, 1989, the Department of Health and Human Services ("HHS") established the Advisory Committee on Food and Drug Administration ("the Committee") as an advisory committee to be governed by the provisions of the Federal Advisory Committee Act, 5 U.S.C. app. 2 ("FACA"). Both HHS and the Committee are named as defendants in this case. The Committee was chartered to offer HHS general advice and recommendations on the operation of the Food and Drug Administration. By a charter amendment dated April 4, 1990, the Committee was required to prepare a final report for HHS within one year from its first meeting, after which time the charter would expire by its own terms. The first meeting of the Committee was held on May 17 and 18, 1990. The Committee subsequently divided itself into several subcommittees, including a Drafting Subcommittee responsible for drafting the final report. The Committee and its

subcommittees have held a number of public meetings over the past ten months, and have engaged in research, fact-finding and drafting activity. The last scheduled meeting of the full Committee is April 11, 1991, although there is evidence that an additional meeting may be anticipated.

Plaintiff Food Chemical News ("FCN") is a newsletter that has monitored the Committee and reported on the Committee's activities and decisions since its inception. Stephen Clapp, a reporter for FCN, has attended meetings of the Advisory Committee, the Foods, Cosmetics, and Veterinary Medicine Subcommittee, and the Drafting Subcommittee, and prepared news articles covering these meetings for FCN's readership. Originally, Clapp based the articles solely on testimony that was offered at the meetings. Subsequently, Clapp sought copies of working drafts that were being discussed at the meetings. In some instances he obtained them at the meetings and in other instances he did not.

At a Drafting Subcommittee meeting on February 28, 1991, the Subcommittee considered two drafts of the Committee's final report. When Clapp requested copies of the drafts, Eric Katz, the Executive Director of the Advisory Committee, announced that the drafts would not be publicly disclosed, and distributed a notice referring all document requests to HHS' Freedom of Information Office. Despite FCN's oral requests to Katz, the documents were not made available. FCN then filed this action, seeking an order enjoining all meetings of the Committee and its subcommittees, including the April 11 meeting, until any drafts, working papers, and other documents are publicly released. FCN claims that without access to such materials prior to or during the meetings in which they are discussed, the ability of its reporters to follow the discussion is hampered, and comprehensive reporting of the meetings is therefore frustrated.

## II. DISCUSSION

As framed by both parties, this case turns on interpretation of Section 10(b) of FACA, 5 U.S.C. app. 2 § 10(b), which reads:

Subject to section 552 of title 5, United States Code, the records, reports, transcripts, minutes, appendixes, working papers, drafts, studies, agenda, or other documents which were made available to or prepared for or by each advisory committee shall be available for public inspection and copying at a single location in the offices of the advisory committee or agency to which the advisory committee reports until the advisory committee ceases to exist.

In particular, the parties dispute the application of the first clause of the section, which subjects the listed advisory committee materials to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Both sides acknowledge the Court of Appeals' statement that "Section 10(b) renders the disclosure provisions of the FOIA applicable to advisory committees and designates each committee as the appropriate repository for its own records." *National Security Archive v. Archivist of the United States,* 909 F.2d 541, 545 (D.C.Cir.1990). At this point agreement between the parties ends.

FCN maintains that Section 10(b) imposes an independent, self-executing obligation on advisory committees to make their materials publicly available. It argues that Congress intended the FOIA reference to incorporate the nine FOIA exemptions, enumerated in 5 U.S.C. § 552(b), merely as substantive grounds for refusing to disclose documents. Further, anticipating that defendants might invoke FOIA Exemption 5, the exemption protecting interagency or intra-agency deliberations, FCN argues that this exemption by its terms cannot apply to an advisory committee governed by Section 10(b).[1] In any event, since defendants have failed to show that any specific draft is covered by any exemption, plaintiff reasons that Section 10(b) warrants its request for injunctive relief.

In contrast, defendants argue that Section 10(b) incorporates not only FOIA's

---

**1.** *See Wolfe v. Weinberger,* 403 F.Supp. 238, 241–43 (D.D.C.1975). The defendants have suggest-ed that other FOIA exemptions may apply to the materials in question.

nine exemptions, but also its mandatory procedural mechanism of a written request followed by administrative review. They also cite internal HHS regulations which purport to implement FACA by providing that any denial of an advisory committee document may be reviewed by the agency's Freedom of Information Office.[2] On defendants' reading, FOIA now provides the procedural channel for requesting advisory committee documents, and it is incumbent on plaintiffs to pursue such requests through FOIA procedures. Since FCN has not filed a written FOIA request, the defendants have moved to dismiss, arguing that this suit is barred for failure to state a claim or for failure to exhaust administrative remedies.

■ The Court does not fully endorse either side's reading of Section 10(b). It may well be that Section 10(b) does impose an affirmative obligation that might, in some unusual and blatant case, provide the basis for immediate injunctive relief regardless of whether FOIA requests had been filed. For example, if an agency were to declare that an advisory committee fell outside FACA and refused in advance to process requests for its documents under FOIA, such refusal might warrant court intervention to enforce Section 10(b) even if FOIA requests had never been made.

This possibility, however, would not warrant a plaintiff's bypassing FOIA procedures to resolve an ordinary dispute as to whether specific advisory committee documents were exempt under FOIA.[3] Section 10(b) incorporates FOIA procedures as well as FOIA exemptions. The statutory language does not distinguish between FOIA substance and FOIA procedure, but makes the Section 10(b) disclosure obligation "[s]ubject to" FOIA. At least one decision of this Court treats a FACA document request as properly governed by FOIA procedures.[4] In practical terms, some mechanism is needed to route requests for advisory committee documents through the sponsoring agency to give it a chance in the first instance to apply FOIA exemptions through the administrative process.

FOIA imposes a reasonably tight timetable on agency review. See 5 U.S.C. § 552(a)(6). There is nothing in the language of Section 10(b), or in any specific legislative history known to the Court, that dictates that working drafts must be available before any particular meeting. It is quite true that judicial review of a FOIA request denial may be slow in some cases, but it can be expedited where truly necessary. While Section 10(b) expressly makes FACA documents subject to FOIA—thus preventing any claim that advisory committees are exempt from disclosure—it does not indicate that disclosure of FACA documents is inherently more urgent or important than disclosure of other government documents. Allowing FCN to bypass FOIA procedures would give FCN an effective priority over other FOIA litigants, and would complicate judicial review by eliminating the agency screening process.

■ FCN asserts that even if FOIA procedures are applicable, any obligation to use FOIA should be deemed waived in this case because the Committee's Executive Director did not urge FCN to resort to FOIA procedures. Yet it is apparently conceded that on February 28, 1991, the Drafting Subcommittee distributed a notice stating that document requests should be made to the Freedom of Information Office at a

---

2. These regulations provide that "[a]ny person whose request for access to an advisory committee document is denied may seek administrative review in accord with the Department's Freedom of Information Act regulation." 45 C.F.R. § 11.6(a).

3. At oral argument, counsel for defendants represented that HHS does in fact believe that various documents sought by plaintiffs may be subject to FOIA exemptions.

4. *National Security Archive v. Executive Office of the President,* 688 F.Supp. 29, 33 (D.D.C.1988), *aff'd,* 909 F.2d 541 (D.C.Cir.1990). The Court of Appeals did not directly address this question of whether the FOIA procedures govern requests for advisory committee documents, although the general language quoted above ("Section 10(b) renders the disclosure provisions of the FOIA applicable to advisory committees ...") suggests that the Court could have assumed that FOIA procedures did apply.

specified address. There may be some mix of willful government misconduct and severe prejudice to a plaintiff that would warrant a bypass of agency FOIA procedures in certain cases. But waivers should not be easily inferred, in part because there are third-party interests protected by the FOIA exemptions and an effective agency screening process. Nothing in the facts before the Court justifies a finding of waiver in this case.

Given the Court's conclusion that a FOIA request is necessary in this case, and the admission that none has been made, FCN has not established a violation of law by the defendants. There is a presumption that defendants will process a request from plaintiff in good faith, in accordance with the substantive exemptions and statutory timetable. Absent a likelihood that governing law has been or will be violated, no warrant exists for a preliminary injunction. The equitable and public interest claims that might otherwise support an injunction, if requested information were wrongfully withheld, do not arise without a wrongful withholding.

Although the motion for a preliminary injunction is denied, the defendants' motion to dismiss will not be granted at this time. How plaintiff may choose to pursue its case in this Court in light of this decision is unclear. The Court expects plaintiff to decide within thirty days from the date of this Order whether it wishes to conduct further proceedings in this case, and to initiate such proceedings or make an appropriate request to the Court. Absent any action by plaintiff, the case will be dismissed at the end of the thirty-day period.

IT IS SO ORDERED.