# Applicability of the Privacy Act to the White House

The Privacy Act does not apply to the White House Office, which is also known as the Office of the President

September 8, 2000

STATEMENT BEFORE THE
SUBCOMMITTEE ON CRIMINAL JUSTICE, DRUG POLICY
AND HUMAN RESOURCES
COMMITTEE ON GOVERNMENT REFORM
UNITED STATES HOUSE OF REPRESENTATIVES

Good morning, Mr. Chairman and Members of the Subcommittee. I am pleased to be here today to testify regarding the Department of Justice's ("Department") longstanding position that the Privacy Act of 1974 ("Privacy Act"), 5 U.S.C. § 552a (1994 & Supp. IV 1998), does not apply to the White House Office, which is also known as the Office of the President. In my testimony today, I will generally refer to that Office as the White House Office. In explaining our position regarding the White House Office, I will set forth the standards that also govern the applicability of the Privacy Act to the other components of the Executive Office of the President ("EOP").[1]

The Department's legal position that the Privacy Act does not apply to the White House Office was stated in an Office of Legal Counsel opinion in April 1975, less than four months after the Privacy Act was enacted, by then Assistant Attorney General Antonin Scalia,[2] and it has been reiterated in subsequent Office of Legal Counsel opinions and briefs filed by the Department in litigation. As I will explain, the position rests on three premises. First, the Privacy Act, by its terms, applies only to "agencies." Second, the Privacy Act defines the term "agency" to mean the same thing as the term means in the Freedom of Information Act, 5 U.S.C. § 552 (1994 & Supp. II 1996). Third, the Supreme Court has concluded that the White House Office is not an "agency" within the meaning of the FOIA.

---

[1] The EOP is made up of a number of different components, one of which is the White House Office Other components of the EOP include the Office of Management and Budget, the National Security Council, and the Council of Economic Advisors As will be discussed *infra,* both the legislative history of the Freedom of Information Act ("FOIA") and Supreme Court caselaw make clear that certain components of the "Executive Office of the President" are not encompassed in that term as it is used in the FOIA definition of "agency"

[2] Letter for the Honorable James T. Lynn, Director, Office of Management and Budget, from Antonin Scalia, Assistant Attorney General, Office of Legal Counsel (Apr. 14, 1975) ("Scalia Opinion").

I.

The Privacy Act governs the collection, maintenance, use, and disclosure of information concerning individuals by federal agencies. As a review of the various provisions of the Privacy Act will reveal, the requirements of the Act by their terms apply only to federal "agencies." *See* 5 U.S.C. § 552a.[3] *See also Dong v. Smithsonian Inst.*, 125 F.3d 877, 878 (D.C. Cir. 1997) ("requirements of the Act . . . apply to 'agencies' "), *cert. denied*, 524 U.S. 922 (1998). In defining the term "agency" in the Privacy Act, Congress incorporated by reference the definition of "agency" set forth in the FOIA, providing that "the term 'agency' means agency as defined in section 552(e) of [the FOIA]." 5 U.S.C. § 552a(a)(1).[4] Therefore, the applicability of the Privacy Act to the White House Office turns on whether the White House Office is an "agency" as defined in the FOIA.

Congress enacted the FOIA definition of "agency" in 1974, just 40 days before the Privacy Act was enacted. *See* 88 Stat. 1561, 1564 (1974). That definition provides as follows:

> For purposes of this section, the term "agency" as defined in section 551(1) of this title includes any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency.

In enacting this definition, Congress sought to codify the test enunciated by the Court of Appeals for the District of Columbia Circuit in *Soucie v. David*, 448 F.2d 1067 (D.C. Cir. 1971), under which the term "agency" as used in the FOIA does not include units within the EOP whose "sole function [is] to advise and assist the President." *Id.* at 1073–75. The Conference Report to the 1974 FOIA amendments provides that:

> With respect to the meaning of the term "Executive Office of the President" the conferees intend the result reached in *Soucie v. David* . . . . The term is not to be interpreted as including the President's immediate personal staff or units in the Executive Office whose sole function is to advise and assist the President.

---

[3] *See, e g.*, 5 U.S.C. §§ 552a(b) ("[n]o agency shall . "); 552a(c) ("[e]ach agency, with respect to each system of records under its control, shall . "), 552a(d) ("[e]ach agency that maintains a system of records shall .")

[4] Until 1986, the FOIA's definition of agency was codified at 5 U.S.C § 552(e) The Anti-Drug Abuse Act of 1986, Pub L No 99–570, § 1802(b), 100 Stat 3207, 3207–49, recodified the definition (without substantive change) at 5 U S C. § 552(f). No conforming amendment was made to the Privacy Act to reflect the current location of FOIA's definition

H.R. Conf. Rep. No. 93–1380, at 14–15 (1974); S. Conf. Rep. No. 93–1200, at 15 (1974), *reprinted in* 1974 U.S.C.C.A.N. 6267, 6285.

The Supreme Court held in *Kissinger v. Reporters Committee for Freedom of the Press*, 445 U.S. 136 (1980), that the FOIA definition of "agency" does not include the Office of the President (which is also known as the White House Office). The Court stated that "[t]he legislative history is unambiguous . . . in explaining that the 'Executive Office' does not include the Office of the President" because the legislative history plainly specified that " 'the President's immediate personal staff or units in the Executive Office whose sole function is to advise and assist the President' are not included within the term 'agency' under the FOIA." *Id.* at 156 (citation omitted).

Adhering to the test set forth in *Kissinger* and *Soucie*, the D.C. Circuit Court of Appeals has consistently concluded that the President's immediate personal staff and units in the EOP whose sole function is to advise and assist the President are not considered "agencies" for purposes of the FOIA. *See Armstrong v. Executive Office of the President*, 90 F.3d 553, 557–66 (D.C. Cir. 1996) (National Security Council not an "agency" under the FOIA), *cert. denied*, 520 U.S. 1239 (1997); *Meyer v. Bush*, 981 F.2d 1288, 1292–98 (D.C. Cir. 1993) (President's Task Force on Regulatory Relief not an "agency" under the FOIA); *Rushforth v. Council of Economic Advisers*, 762 F.2d 1038, 1040–41 (D.C. Cir. 1985) (Council of Economic Advisers not an "agency" under the FOIA). *See also Ryan v. Department of Justice*, 617 F.2d 781, 789 (D.C. Cir. 1980) (the FOIA "defines agencies as subject to disclosure and presidential staff as exempt").[5]

In particular, the D.C. Circuit has made it clear — as did the Supreme Court in *Kissinger* — that the White House Office is among the components of the EOP that are exempt from the FOIA definition of "agency." *See Meyer*, 981 F.2d at 1293 & n.3 ("[t]he President's immediate personal staff . . . would encompass at least those approximately 400 individuals employed in the White House Office"); *id.* at 1310 (Wald, J., dissenting) ("[w]e and the Supreme Court have interpreted 'immediate personal staff' to refer to the staff of the Office of the President, also known as the White House Office"); *National Security Archive v. Archivist of the United States*, 909 F.2d 541, 545 (D.C. Cir. 1990) (White House Counsel exempt from the FOIA as an entity within the White House Office forming part of the President's immediate personal staff).

In sum, because the Privacy Act incorporates by reference the FOIA definition of "agency," and because it is settled that the White House Office is not an agency under the FOIA, the Department has concluded that the White House Office is not an agency under the Privacy Act.

---

[5] The D C Circuit has held that the Council on Environmental Quality, another component of the EOP, is an "agency" under FOIA *Pacific Legal Found. v Council on Envtl. Quality*, 636 F 2d 1259 (D.C Cir. 1980).

II.

The District Court's decision in *Alexander v. Federal Bureau of Investigation*, 971 F. Supp. 603 (D.D.C. 1997), which rejected this analysis, is in our opinion incorrectly decided. In that case, Judge Royce Lamberth took the view that the FOIA definition does not govern whether the Privacy Act applies to the "immediate staff of the President." *Id.* at 606. In his view, "agency" means one thing for the Privacy Act and another for the FOIA because the purposes of the two statutes are different. Congress precluded this interpretative move, however, when it affirmatively stated that the term should have the same meaning in both statutes. The text of the Privacy Act is straight-forward. Section 552a(a)(1) provides that, for purposes of the Privacy Act, "the term 'agency' means agency as defined in section 552(e)" of title 5 of the United States Code — the FOIA definition of agency.[6]

Congress could not have been more clear about the relationship of the meaning of the word "agency" in the two statutes. Thus, as the D.C. Circuit has observed, the Privacy Act "borrows the definition of 'agency' found in FOIA." *Dong v. Smithsonian Inst.*, 125 F.3d at 878. The Privacy Act language conclusively bars an interpretation that would attach different meanings to the term. As then-Assistant Attorney General Scalia stated in his 1975 Office of Legal Counsel opinion addressing which units of the Executive Office of the President are covered by the Privacy Act: "It is essential, of course, that we apply the same conclusion to both the Freedom of Information Act and the Privacy Act." Scalia Opinion at 2.

The *Alexander* decision stands in stark contrast to the D.C. Circuit's analysis in *Rushforth v. Council of Economic Advisers*, 762 F.2d 1038 (D.C. Cir. 1985), in which the court addressed the question of whether the President's Council of Economic Advisers ("CEA") is an agency for purposes of the Government in the Sunshine Act, which, like the Privacy Act, incorporates the FOIA's definition of agency. After determining that the CEA is not an agency under the FOIA, *id.* at 1040–43, the Court reasoned that "[i]nasmuch as the [CEA] is not an agency for FOIA purposes, it follows *of necessity* that the CEA is, under the terms of the Sunshine Act, not subject to that statute either. The reason is that the Sunshine Act expressly incorporates the FOIA definition of agency." Id. at 1043 (emphasis

---

[6] As a practical matter, the suggestion that Congress had different meanings in mind is rebutted by the legislative history. The Privacy Act was pending in Congress at the same time as the 1974 amendments to the FOIA, and became law on December 31, 1974, only 40 days after passage of the FOIA amendments on November 21, 1974 *See* 88 Stat 1896, 1910, 88 Stat 1561, 1565; *Duffin v. Carlson*, 636 F.2d 709, 711 (D C Cir. 1980) Indeed, on the same day that the FOIA was passed, Congressman Moorhead, a member of the FOIA Conference Committee, stated, during the floor debate on the Privacy Act, that " '[a]gency' is given the meaning [under the Privacy Act] which it carries elsewhere in the Freedom of Information Act " 120 Cong Rec 36,967 (1974) (statement of Cong Moorhead). There is no indication in the legislative history of the Privacy Act that the very same Congress which had just amended the FOIA's definition of the term "agency" had a different understanding of that term in mind when, only 40 days later, it incorporated that definition by reference, and without further gloss, for purposes of the Privacy Act

added) (citation omitted). The court did not ask whether the Sunshine Act and FOIA served similar purposes; it recognized that Congress had definitively resolved the question whether the term "agency" had different meanings under the two statutes.

Moreover, last month District Judge June Green issued an opinion in which she did not follow Judge Lamberth's analysis, but held instead that the Privacy Act does not apply to the White House Office. *See Barr v. Executive Office of the President*, No. 99–cv–1695 (D.D.C. Aug. 9, 2000) (memorandum order) (Green, J.). The Court concluded that:

> It is a fair construction of the Privacy Act to exclude the President's immediate personal staff from the definition of "agency." As the Privacy Act borrows the FOIA definition, it fairly borrows the exceptions thereto as provided in legislative history and by judicial interpretation. This construction of the term "agency," applying the FOIA definition equally to the Privacy Act, properly avoids constitutional questions.

*Id.* at 6.

In light of our disagreement with the analysis in the *Alexander* decision, the Department does not believe that the decision requires that the White House modify its records management practices to come into compliance with the Privacy Act. The D.C. Circuit agreed with this view in its recent appellate opinion in *Alexander*, stating that, notwithstanding Judge Lamberth's decision, "[i]n activities unrelated to [the *Alexander*] case, the White House, as it has done for many years on the advice and counsel of the Department of Justice, remains free to adhere to the position that the Privacy Act does not cover members of the White House Office." [7]

WILLIAM TREANOR
*Deputy Assistant Attorney General*
*Office of Legal Counsel*

---

[7] *In Re: Executive Office of the President*, 215 F.3d 20, 24 (D C Cir 2000) (noting that "District Court decisions do not establish the law of the circuit, . , nor, indeed, do they even establish 'the law of the district' ") (citations omitted)