Abdul–Jabbar MUHAMMAD, Plaintiff,

v.

UNITED STATES BUREAU OF PRISONS, Defendant.

Civ. A. No. 91–3244 (CRR).

United States District Court, District of Columbia.

April 30, 1992.

Muhammad, pro se.

Jay B. Stephens, U.S. Atty. for the District of Columbia, John Bates and Patricia Carter, Asst. U.S. Attys., for Washington, D.C., for defendant.

ORDER

CHARLES R. RICHEY, District Judge.

Before the Court is the defendant's Motion to Dismiss the above-captioned action along with supporting and opposing memoranda. The Court has carefully considered the submissions of the parties, the applicable law, and the entire record herein, and concludes that it cannot grant to the plaintiff the relief he seeks.

In his complaint, the plaintiff, who is incarcerated, seeks information from the United States Bureau of Prisons and the United States Department of Justice pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy

Act of 1974 ("Privacy Act"), 5 U.S.C. § 552a. In addition, he seeks declaratory judgment, a writ of mandamus compelling compliance with FOIA and the Privacy Act, and a writ of mandamus compelling the immediate removal of all prisoners from the general inmate population who either have Acquired Immune Deficiency Syndrome ("AIDS"), or have tested positive for the HIV virus.

■ A writ of mandamus is used to compel an officer of the United States or any agency thereof to perform a duty owed to the plaintiff. 28 U.S.C. § 1361. Mandamus is proper where:

(1) the plaintiff has a clear right to relief;

(2) the defendant has a clear duty to act; and

(3) there is no other adequate remedy available to the plaintiff.

*Council of and for the Blind, Inc. v. Regan,* 709 F.2d 1521, 1533 (D.C.Cir.1983) (en banc).

■ The Court does not have the power to grant the plaintiff's request for a writ of mandamus to direct the Bureau of Prisons to segregate prisoners who are HIV-positive or have AIDS. The plaintiff has demonstrated neither that he has a clear right to relief or that the defendant has a clear duty to act.

■ The Bureau of Prisons ("BOP"), as administrator of the prison system, is invested with a great deal of discretion regarding institutional operations. *See, e.g., Turner v. Safley,* 482 U.S. 78, 89, 107 S.Ct. 2254, 2261–62, 96 L.Ed.2d 64 (1987), *Bell v. Wolfish,* 441 U.S. 520, 547, 99 S.Ct. 1861, 1878, 60 L.Ed.2d 447 (1979). In response to the AIDS crisis, the BOP has developed a policy that an inmate who tests HIV positive may be segregated "when there is reliable evidence that the inmate may engage in conduct posing a health risk to another person." *See* BOP Program Statement No. 5214.3, October 2, 1987, ¶ 1 (attached to Def. Reply). This policy is consistent with the general medical understanding that AIDS is not spread through casual contact. *Id.* ¶ 3; Center for Disease Control HIV Test Counseling literature (attached to Def. Reply).

The remedy sought by plaintiff, that is, segregation of all prisoners who test positive for HIV or have AIDS, is not a remedy available to the general public, and has not been found generally available to prisoners in the courts. *See, e.g., Glick v. Henderson,* 855 F.2d 536, 540 (8th Cir. 1988); *Deutsch v. Federal Bureau of Prisons,* 737 F.Supp. 261, 267 (S.D.N.Y.1990), *aff'd,* 930 F.2d 909 (2d Cir.1991); *Portee v. Tollison,* 753 F.Supp. 184 (D.S.C.1990), *aff'd,* 929 F.2d 694 (4th Cir.1991); *Alston v. Dep't of Justice,* 1989 U.S. Dist. LEXIS 9222 (D.D.C.1989); *Feigley v. Fulcomer,* 720 F.Supp. 475, 482–85 (M.D.Pa.1989).

Given that the weight of authority on this issue indicates that plaintiff is not entitled to relief, he has failed to show that he is entitled to the extraordinary remedy of mandamus which he seeks. Therefore mandamus shall not issue.

■ Plaintiff also seeks access to various information pursuant to the FOIA and the Privacy Act. However, plaintiff did not request the information he seeks from the agencies. Rather, he filed his request directly in this Court. Under both the FOIA and the Privacy Act, a plaintiff must exhaust his administrative remedies before filing a suit. *See, e.g., Oglesby v. Dep't of Army,* 920 F.2d 57, 61–62 (D.C.Cir.1990) (FOIA); *Crooker v. Federal Bureau of Prisons,* 579 F.Supp. 309, 311 (D.D.C.1984) (Privacy Act). Plaintiff's failure to request the documents directly from the agencies constitutes a failure to exhaust his administrative remedies. *See* 5 U.S.C. § 552(a)(6)(C); § 552a(g)(1). Therefore his suit is premature and the Court shall dismiss his FOIA and Privacy Act claims without prejudice to renewal once the administrative remedies have been exhausted.

Plaintiff contends that the information he seeks is of an emergency nature and that it would be "futile" for him to exhaust his administrative remedies. Complaint at 2. However, he has offered no explanation as why it would be futile to request the information from the agencies, or why he believes that filing a court suit would be

faster than requesting information directly from the agencies that possess it. While the Court understands the importance of this information to the plaintiff, the Court is not persuaded that it would be in the interest of justice to waive the exhaustion requirements here.

In addition, the Court shall deny plaintiff's request for a writ of mandamus requiring defendants to provide him with the information he seeks pursuant to FOIA and the Privacy Act. Plaintiff has not yet demonstrated entitlement to this information, or even that he has been denied access to it. Under these circumstances, the Court finds no justification for granting the extraordinary remedy of a writ of mandamus. *See Council of and for the Blind, supra,* 709 F.2d at 1533.

Finally, while the plaintiff requests declaratory relief in his complaint, he has demonstrated no basis upon which this relief could be granted.

Accordingly, it is, by the Court, this 30 day of April, 1992,

ORDERED that plaintiff's complaint shall be, and hereby is, DISMISSED with prejudice insofar as he seeks a writ of mandamus or declaratory relief; and it is

FURTHER ORDERED that plaintiff's claims requesting information pursuant to the FOIA and the Privacy Act shall be, and hereby are, DISMISSED without prejudice to renewal if necessary after the plaintiff has exhausted his administrative remedies; and it is

FURTHER ORDERED that the above-captioned case shall be, and hereby is, DISMISSED from the dockets of this Court.