Linda Julin McNamara, Tamra Phipps, Asst. U.S. Attys., Tampa, FL, for appellant.

Thomas H. Ostrander, Mercurio & Ostrander, Sarasota, FL, for appellee Kenneth Adams.

Timothy Fitzgerald, Tampa, FL, for appellee Judith Adams.

Before BLACK and BARKETT, Circuit Judges, and RONEY, Senior Circuit Judge.

PER CURIAM:

The Government challenges on this appeal the suppression of certain evidence seized in the search of a motor home at the time of the arrest of defendants Kenneth Adams and his wife Judith. We affirm.

The search and subsequent seizure occurred at a time when state and federal law enforcement officers assembled to arrest defendants on numerous state and federal charges arising in part from the alleged fraudulent registration of two motor vehicles and the falsification of various identification documents. In a multi-count superseding indictment, the defendant and his wife were charged with, among other things, obtaining a driver's license by using a false Social Security number in violation of 42 U.S.C. § 408(a)(7)(B).

We affirm the suppression of evidence in this case without reaching any broad issues that would help define the dichotomy concerning the search of motor homes. The law regarding whether to apply to motor homes the established search and seizure principles applicable to motor vehicles, or those applicable to fixed places of residence has not been developed. This is not an appropriate case for setting any precedent in this regard.

Reviewing the entire unusual circumstances and the peculiar factual situation in this case, we cannot hold that the district court erred in suppressing the evidence in this case. But for the implication that this decision might inadvertently be interpreted to carry some weight as this area of the law develops, we would have affirmed the judgment below under our Rule 36.1, Rules of the United States Court of Appeals for the Eleventh Circuit.

**AFFIRMED.**

**Simon M. PUGACH, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

No. 94–3351.

United States Court of Appeals, Federal Circuit.

Jan. 25, 1995.

Rehearing Denied April 25, 1995.

Simon M. Pugach, submitted pro se.

Terese M. Connerton, Connerton, Ray & Simon, Washington, DC, for petitioner.

Lauren S. Moore, Attorney, Commercial Litigation Branch, Dept. of Justice, Washington, DC, for respondent. With her on the brief were Mary Mitchelson and David M. Cohen, Attorneys.

Before RICH, PLAGER, and LOURIE, Circuit Judges.

RICH, Circuit Judge.

Simon M. Pugach (Pugach or petitioner) seeks review of the October 26, 1993 Initial Decision of the Merit System Protection Board's (Board) Administrative Judge (AJ), Docket No. PH–0831–93–0510–I–1, affirming the reconsideration decision of the Office of Personnel Management (OPM) denying his application for a redetermination of his retirement annuity. The AJ's decision became the final decision of the Board on April 20, 1994 when the Board denied Pugach's petition for review of the Initial Decision, 62 M.S.P.R. 378. We affirm.

## BACKGROUND

Petitioner retired from federal service effective May 29, 1982. From February 14, 1983 through February 13, 1985, petitioner was reemployed by the Defense Logistics Agency. From September 2, 1986 through October 21, 1989, petitioner was reemployed by the Internal Revenue Service. It is undisputed that petitioner was reemployed during these two separate periods for a total of more than 5 years.

Petitioner applied to OPM for a redetermined annuity under 5 U.S.C. § 8344. That statutory provision sets forth:

> If an annuitant receiving annuity from the Fund ... becomes employed in an appointive or elective position, his service on and after the date he is so employed is covered by this subchapter.... If the described employment of the annuitant **continues for at least 5 years,** or the equivalent of 5 years in the case of part-time employment, he may elect ... to ... have his rights redetermined under this subchapter.

5 U.S.C. § 8344(a) (1988) (emphasis added).

OPM's implementing regulation sets forth that:

> If the annuitant is employed **continuously for at least five years** in an appointive or elective position and actually serves for at

least five years on a full time basis, or the equivalent of five years of full-time service on a part-time basis, in a position not excluded from coverage ... the annuitant may make a deposit ... and elect instead of the supplemental annuity described herein to have his or her retirement rights redetermined under the law in effect at separation date.

5 C.F.R. § 831.803(b) (1993) (emphasis added).

## DISCUSSION

■ Petitioner has the burden of proving by a preponderance of the evidence his entitlement to the redetermined retirement annuity he seeks. *True v. Office of Personnel Management*, 926 F.2d 1151, 1153 (Fed.Cir. 1991). The Board found that petitioner did not meet this burden because he failed to show that OPM's interpretation of the statute was unreasonable. Rather, the Board held that OPM reasonably and properly interpreted § 8344(a) when it enacted its regulation, § 831.803(b), providing that the 5 years of full-time service by an annuitant be on· a continuous basis.

Our review of Board decisions is defined and limited by statute. We will affirm the Board's decision unless it is:

(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(2) obtained without procedures required by law, rule, or regulation having been followed; or

(3) unsupported by substantial evidence.

5 U.S.C. § 7703(c) (1988).

■ On appeal, petitioner contends, as he did below, that OPM's interpretation of the regulation is unreasonable because it adds a condition, continuous service, which is "nowhere to be found in the statute."

However, the statute sets forth that an annuity can be redetermined only if the reemployment "continues for at least 5 years." To continue means "to maintain without interruption a condition, course, or action", "to remain in existence: ENDURE." Webster's Ninth New Collegiate Dictionary 284 (1989). Therefore, the statute by its very terms is clear in requiring employment that continues, i.e., in which there is no break, for 5 years. Petitioner's arguments to the contrary, that § 8344(a) does not require 5 years of employment without a break, are misplaced.

■ Unless otherwise defined, words will be interpreted as taking their ordinary, contemporary, common meaning. *Perrin v. United States*, 444 U.S. 37, 42, 100 S.Ct. 311, 314, 62 L.Ed.2d 199 (1979). In the statute, "continue" is not otherwise defined and is therefore interpreted in accordance with its common meaning, supra. So interpreted, the statutory provision is not inconsistent with OPM's implementing regulation, and, as found by the Board, petitioner is not entitled to a redetermined annuity.

## CONCLUSION

The judgment of the Board is therefore affirmed.

## COSTS

Each party shall bear its own costs.

**AFFIRMED.**