**Dr. Jerry FALWELL, et al., Plaintiffs,**

**v.**

**The EXECUTIVE OFFICE OF THE PRESIDENT, et al., Defendants.**

**No. Civ.A. 6:00–0005.**

United States District Court,
W.D. Virginia,
Lynchburg Division.

Sept. 11, 2000.

Jerry Falwell, Jr., Lynchburg, VA, Larry Klayman, Judicial Watch, Inc., Washington, DC, for Jerry Falwell, Liberty University, Liberty Bible Institute, Liberty Baptist Theological Seminary, National Liberty Journal, Listen America, W19BC Television, WRVL Radio, Liberty Godparent Foundation, Old Time Gospel Hour,

Liberty Federation, Inc., The Liberty Alliance, Inc., Moral Majority, Inc., Thomas Road Baptist Church, Hope Aglow Prison Outreach, Elim Home, plaintiffs.

John F. Corcoran, U.S. Attorney's Office, Roanoke, VA, John R. Tyler, Anne L. Weismann, Department of Justice, Civil Division, Washington, DC, for The Executive Office of the President, Federal Bureau of Investigation, defendants.

## MEMORANDUM OPINION

WILSON, Chief Judge.

This is a suit for damages and injunctive relief pursuant to 5 U.S.C. §§ 552(a)(4)(B), 552a(g)(1) and 28 U.S.C. §§ 1331, 1346(a)(2), by plaintiffs, Dr. Jerry Falwell, Liberty Bible Institute, Liberty Baptist Theological Seminary, Liberty University, Liberty Godparent Foundation, Liberty Federation, Moral Majority, Thomas Road Baptist Church, Elim Home for Alcoholics & Drug Addicts, Hope Aglow Prison Outreach, National Liberty Journal, Old–Time Gospel Hour, Listen America, Liberty Alliance, W19BC Television, WRVL Radio, and Mat Staver's Liberty Counsel (collectively referred to as "Falwell"), against defendants, The Executive Office of the President ("EOP") and the Federal Bureau of Investigation ("FBI"), alleging violations of the Privacy Act and the Freedom of Information Act ("FOIA"). The court has jurisdiction pursuant to 5 U.S.C. §§ 552(a)(4)(B), 552a(g)(1) and 28 U.S.C. §§ 1331, 1346(a)(2). The action is before the court on the EOP's motion to dismiss Falwell's Privacy Act claim, asserting that the Office of the President (also known as the White House Office) is exempt from the requirements of the Privacy Act, and Falwell's cross-motion for partial summary judgment, which focuses on the same issue. Finding that the Office of the President is exempt from the requirements of the Privacy Act, the court will accordingly grant the EOP's motion to dismiss Falwell's Privacy Act claim, and deny Falwell's cross motion for partial summary judgment.

## I.

On August 26, 1999, plaintiff Dr. Jerry Falwell made written requests to the EOP and FBI under the FOIA and the Privacy Act for any documents that might pertain to him or any of the other named plaintiffs. (Pl.'s Compl., Exhibit 1.) His request to the EOP was directed to 1600 Pennsylvania Avenue, Washington, D.C., and Falwell admitted in oral argument that the only documents held by the EOP in which he is interested are those held by the Office of the President, which is a subset or component of the EOP. (Transcript of Motions Hearing at 15.) The Office of the President responded on October 6, 1999, by denying Falwell's request on the ground that "the FOIA does not establish a statutory right to the records Dr. Falwell has requested from the White House, if such records exist."[1] (Pl.'s Compl., Exhibit 2.)

On January 20, 2000, Falwell filed suit in this court, against the EOP and the FBI. Falwell claims that the EOP and FBI violated the Privacy Act, that the FBI violated the FOIA, and that both defendants conspired to accomplish these violations. The court has jurisdiction over this suit pursuant to § 552(a)(4)(B) of the FOIA, § 552a(g)(1) of the Privacy Act, and 28 U.S.C. §§ 1331, 1346(a)(2).

On April 14, 2000, the EOP filed a motion to dismiss Falwell's Privacy Act claim on the ground that the Act does not apply to the Office of the President. Then, on May 4, 2000, Falwell filed a cross motion for partial summary judgment on the same issue. A hearing on the motions was held on July 5, 2000.

## II.

The Privacy Act of 1974, 5 U.S.C. § 552a, *et seq.*, sets out certain requirements regarding the acquisition, mainte-

---

1. Although Falwell's request specifically cited both the FOIA and the Privacy Act, the Office of the President failed to recognize this in their response letter.

nance, use, and disclosure of information concerning individuals by federal agencies. When applicable, the Act provides that agencies may maintain "only such information about an individual that is relevant and necessary to accomplish a purpose of the agency as required by statute or by executive order of the President." *Id.* § 552a(e)(1). In addition, any federal agency subject to the Act that receives a proper request from an individual must permit that individual access to, and the opportunity to correct or amend, its records regarding that individual. *See id.* § 552a(d). The Act further authorizes civil actions in federal court to compel compliance with the Act and, in the case of intentional or willful violations, to award damages. *See id.* § 552a(g).

The EOP argues that the Office of the President, which is a component of the EOP, is not an agency subject to the Privacy Act. "Agency" is defined in the Act by expressly adopting the FOIA's definition of agency,[2] which specifically includes the Executive Office of the President.[3] 5 U.S.C. §§ 552a(a)(1), 552(f)(1). However, in interpreting the FOIA's definition of agency, the United States Supreme Court has held that, "the 'Executive Office' does not include the Office of the President." *Kissinger v. Reporters Committee for Freedom of the Press*, 445 U.S. 136, 156, 100 S.Ct. 960, 63 L.Ed.2d 267 (1980). Citing legislative history, the Court recognized that " 'the President's immediate personal staff or units in the Executive Office whose sole function is to advise and assist the President' are not included within the term 'agency' under the FOIA." *Id.*

(quoting H.R.Conf.Rep. No. 93–1380, at 15 (1974), *reprinted in* Sourcebook II, at 232).

Because the Privacy Act expressly adopts the definition of agency as set forth in the FOIA, the FOIA's definition and its judicial interpretation control the outcome of this case. The D.C. Circuit has consistently followed this approach. *See, e.g., Dong v. Smithsonian Inst.,* 125 F.3d 877, 878–879 (D.C.Cir.1997). In *Dong,* the court looked to the FOIA to determine whether the Smithsonian Institution is an agency under the Privacy Act. *See id.* The court held that the Smithsonian is not an agency subject to the Privacy Act, because it does not qualify as an agency under the FOIA. *See id.*

The same results have been obtained in cases applying comparable legislation. In *Rushforth v. Council of Economic Advisers,* 762 F.2d 1038 (D.C.Cir.1985), the court analyzed the Sunshine Act, which, like the Privacy Act, expressly incorporates the FOIA definition of agency. *See* 5 U.S.C. § 552b(a)(1). The court found that "[i]nasmuch as the Council of Economic Advisors is not an agency for FOIA purposes, it follows of necessity that the CEA is, under the terms of the Sunshine Act, not subject to that Act either." *Rushforth,* 762 F.2d at 1043. *Cf. Armstrong v. Executive Office of the President,* 1 F.3d 1274, 1294–95 (D.C.Cir.1993) (in analyzing the Presidential Records Act, which also adopts the FOIA's definition of agency, the court looked to the definition's judicial interpretation).[4]

The Privacy Act clearly and expressly adopts the FOIA's definition of agency.

**2.** The Privacy Act adopts the FOIA's definition of agency by referring to 5 U.S.C. § 552(e) of the FOIA. In 1986, former subsection (e) was redesignated as (f). Pub.L. No. 99–570, § 1802(b). Thus, the intended definition of agency is now located at 5 U.S.C. § 552(f).

**3.** The FOIA defines agency as including "any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government (including the Executive Office of the President),

or any independent regulatory agency." 5 U.S.C. § 552(f)(1).

**4.** In contrast to the weight of precedent, the United States District Court for the District of Columbia in *Alexander v. FBI,* 971 F.Supp. 603, 606–07 (D.D.C.1997), which was decided four months before *Dong,* ordered the White House to comply with the Privacy Act. The court found that the word "agency" includes the Office of the President for purposes of the Privacy Act. The court distinguished *Kissinger* on the grounds that "the concerns of FOIA

This definition has been interpreted by the Supreme Court as excluding the Office of the President, a component of the EOP. Consequently, the FOIA's definition of agency and its judicial interpretation control the outcome of this case. Therefore, the court finds as a matter of law that the Office of the President is not subject to the Privacy Act and, therefore, is not required to comply with Falwell's request for information. Because Falwell concedes that the only documents held by the EOP in which he is interested are those held by the Office of the President component, this court need not consider Falwell's claim as to the other components of the EOP.

### III.

For the reasons stated above, the EOP's motion to dismiss Falwell's Privacy Act claim is granted, and Falwell's cross motion for partial summary judgment is denied. The court will enter an appropriate order on this day.

and the Privacy Act are quite different," *id.* at 606, and distinguished *Rushforth* by likening the FOIA to the Sunshine Act, *id.* at 607. In response to the EOP's Emergency Petition for Writ of Mandamus, the D.C. Circuit declined to exercise mandamus jurisdiction, noting that "District Court decisions do not establish the law of the circuit, nor, indeed, do they even establish 'the law of the district'.... The District Court's view on this matter will be subject to review on appeal following final judgment in this case." *In re Executive Office of the President*, 215 F.3d 20, 24–25 (D.C.Cir. 2000) (citations omitted).