Gennifer FLOWERS, Plaintiff,

v.

**THE EXECUTIVE OFFICE OF THE PRESIDENT, et al., Defendants.**

No. CIV.A. 99–3389 HHK.

United States District Court, District of Columbia.

March 16, 2001.

Larry Elliot Klayman, Washington, DC, for Plaintiff.

Stuart Alexander Licht, U.S. Department of Justice Civil Division, Washington, DC, for Defendants.

## MEMORANDUM OPINION

KENNEDY, District Judge.

Gennifer Flowers ("Flowers") filed this suit against defendants The Executive Office of the President ("EOP") and the Department of Justice ("DOJ"), alleging that the EOP and DOJ violated the Privacy Act, 5 U.S.C. § 552a *et seq.* Before the court are the EOP's motion to dismiss, Flowers' cross motion for partial summary judgment, DOJ's motion to dismiss, and DOJ's motion for judgment on the pleadings or, in the alternative, for summary judgment. Upon consideration of the motions, the opposition thereto, and the record of the case, the court grants the EOP's motion to dismiss, denies Flowers' cross-motion for summary judgment, grants DOJ's motion to dismiss the denial of access claim, and grants DOJ's motion for judgment on the pleadings or, in the alternative, for summary judgment.

## I. BACKGROUND

On September 27, 1999, Flowers submitted a written request to the EOP pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a, for any documents that refer or relate to Gennifer Flowers. The White House Office, of which the Of-

fice of Counsel to the President is a part,[1] responded on October 12, 1999, denying Flowers' request on the grounds that the "President's immediate personal staff and units in the Executive Office of the President whose sole function is to advise and assist the President are not included within the term 'agency' under the FOIA and the Privacy Act." Compl. at Ex. 2. The White House Office also noted that the FOIA and the Privacy Act do not establish a statutory right to records Flowers seeks from the EOP, if such records exist. This suit followed.

In Count I of her Complaint, Flowers alleges that the EOP and DOJ violated the Privacy Act by maintaining records on Flowers as "part of a pattern of willful and intentional misconduct undertaken for purposes of attacking or threatening attacks on Plaintiff, and others similarly situated." Compl. ¶ 23. Flowers contends that this maintenance of records is in violation of 5 U.S.C. §§ 552a(e)(1) and (g)(1)(D). Flowers also alleges that the EOP and DOJ disseminated information from her records in violation of 5 U.S.C. §§ 552a(e)(1) and (g)(1)(D). Finally, Flowers claims that the EOP and DOJ refused her request for access to records in violation of 5 U.S.C. §§ 552a(d)(1) and (g)(1)(B).

On March 27, 2000, the EOP and DOJ filed motions to dismiss pursuant to Fed. R.Civ.P. 12(b)(1) and 12(b)(6). The EOP argues that the case against it should be dismissed because the EOP's White House Office, is not an "agency" subject to the Privacy Act. DOJ argues that the claims against the FBI, a part of DOJ, should be dismissed because Flowers does not allege that she submitted a Privacy Act request to the FBI. On April 17, 2000, Flowers filed a cross motion for partial summary judgment on these same issues. Finally, on June 9, 2000, DOJ filed a motion for judgment on the pleadings or, in the alternative, for summary judgment. In that motion, DOJ contends, *inter alia,* that Flowers has failed to allege facts to support her belief that the DOJ violated the Privacy Act and has failed to provide DOJ with adequate notice of her claims. In its alternative motion for summary judgment, DOJ argues that Flowers' allegations against DOJ are unfounded in fact and in law.[2]

## II.  ANALYSIS

The Privacy Act of 1974, 5 U.S.C. § 552a *et seq.,* regulates the collection, maintenance, use, and dissemination of an individual's personal information by federal government agencies. *See* 5 U.S.C. § 552a(e). The Privacy Act provides that each agency that maintains a "system of records" shall maintain "only such information about an individual as is relevant and necessary to accomplish a purpose of the agency required to be accomplished by

---

1.  The EOP comprises thirteen different components, one of which is the White House Office. The White House Office is itself made up of several units, including the Office of Counsel to the President (also known as the White House Counsel's Office). *See, e.g., National Sec. Archive v. Archivist of the United States,* 909 F.2d 541, 545 (D.C.Cir.1990). The EOP contends that the only records at issue are those allegedly obtained by the White House Office's Office of the Counsel to the President because Flowers' Complaint only discusses the statements of a former Special Counsel to the President. *See* Defs.' Mot. to Dismiss at 1; Compl. ¶¶ 16–20. Flowers does not dispute this characterization, nor does she allege in her Complaint (or in her pleadings) that other units of the EOP contain relevant records. *See infra* note 9.

2.  Because the court finds that the EOP's and DOJ's Rule 12(b)(1) and Rule 12(b)(6) motions to dismiss and DOJ's motion for judgment of the pleadings should be granted, the court need not address DOJ's alternative motion for summary judgment.

statute or by executive order of the President." *Id.* § 552a(e)(1). The Privacy Act also states that "upon request by any individual to gain access to his record or to any information pertaining to him which is contained in the system," the agency shall provide the individual with access to review such records. *Id.* § 552a(d)(1). Finally, subject to certain exceptions, the Privacy Act requires that "[n]o agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains." *Id.* § 552a(b).

Before addressing the parties' arguments, it is important to note that the Privacy Act applies only to an "agency" as defined by the FOIA. *See* 5 U.S.C. § 552a(a)(1) (expressly incorporating the FOIA's definition of "agency").[3] Under the FOIA, "agency" includes "any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency." 5 U.S.C. § 552(f). Though the Executive Office of the President is expressly mentioned in the FOIA definition of "agency," the Supreme Court has held that the FOIA's reference to "the 'Executive Office' does not include the Office of the President." *Kissinger v. Reporters*

*Comm. for Freedom of the Press,* 445 U.S. 136, 156, 100 S.Ct. 960, 63 L.Ed.2d 267 (1980).[4] The *Kissinger* Court also stated that " 'the President's immediate personal staff or units in the Executive Office whose sole function is to advise and assist the President' are not included within the term 'agency' under the FOIA." *Id.* (citing H.R. Conf. Rep. No. 93–1380, p. 15 (1974)).

## A. The EOP's Motion to Dismiss

The EOP argues that the White House Office should not be considered an "agency" subject to the Privacy Act because it is not an agency subject to the FOIA. Flowers disagrees, suggesting that the statutory definition of the term "agency" and the Privacy Act's legislative history require that the Privacy Act be applied to the EOP without exception. In support of their positions, both Flowers and the EOP cite recent district court opinions from this court, which decided whether the EOP was subject to the Privacy Act. *Compare Alexander v. F.B.I.,* 971 F.Supp. 603, 607 (D.D.C.1997) (Lamberth, J.) (holding that the EOP was an "agency" subject to the Privacy Act), *with Barr v. Executive Office of the President,* No. 99–1695, slip. op. at 6 (D.D.C. Aug. 9, 2000) (Green, J.L., J.) (holding that the EOP was *not* an "agency" subject to the Privacy Act). *See also Falwell v. Executive Office of the President,* 113 F.Supp.2d 967, 970 (W.D.Va. 2000) (holding that the Office of the President is *not* subject to the Privacy Act).

**3.** The Privacy Act expressly incorporates the FOIA definition of "agency" by referring to "section 552(e) of this title." In 1986, 5 U.S.C. § 552 was amended, and section 552(e) was redesignated section 552(f). *See* Pub.L. 99–570, § 1802(b). No subsequent revision of the Privacy Act was made.

**4.** The "Office of the President" is also known as the "White House Office." *See, e.g., Meyer*

*v. Bush,* 981 F.2d 1288, 1310 (D.C.Cir.1993) (Wald, J. dissenting) ("We and the Supreme Court have interpreted 'immediate personal staff' to refer to the staff of the Office of the President, *also known as the White House Office,* one of the fourteen units within the Executive Office of the President.") (emphasis added).

Despite suggestions to the contrary,[5] the *Alexander* and *Barr* opinions are not binding upon this court and do not establish the "the law of the district." *In re: Executive Office of President*, 215 F.3d 20, 24 (D.C.Cir.2000). The *Alexander* and *Barr* decisions do have persuasive value, however; and this court will evaluate Judge Lamberth's and Judge Green's analysis in making its own independent assessment of the law as it is applied to this case.

In *Alexander*, Judge Lamberth held that the Privacy Act's definition of "agency" includes the Executive Office of the President. Judge Lamberth reasoned that the purposes of the Privacy Act and the FOIA are quite different: the FOIA was enacted to provide citizens with better access to government records, while the Privacy Act was adopted to safeguard individuals against invasions of their privacy. *Alexander*, 971 F.Supp. at 606. Because of these different purposes, Judge Lamberth found that "there is no need to ignore the plain language of the [Privacy Act] statute and limit the word 'agency' as has been done under FOIA." *Id.* at 606–07. Judge Lamberth also reasoned that by providing exceptions to the FOIA disclosure requirements, Congress and the courts recognized that FOIA access must be limited given the intricate balance between the public interest in information and "countervailing public and private interests in secrecy." *Id.* at 606. However, Judge Lamberth noted that "there is no evidence that the privacy protections provided by Congress in the Privacy Act must also be necessarily limited." *Id.*

In *Barr*, Judge June L. Green addressed the same issue, but concluded that the EOP was *not* an "agency" subject to the Privacy Act. Judge Green stated that "[i]t is a fair construction of the Privacy Act to exclude the President's immediate personal staff from the definition of 'agency.'" *Barr v. Executive Office of the President*, No. 99–1695(JLG), slip op. at 6 (D.D.C. Aug. 9, 2000). Because the Privacy Act borrows the FOIA definition of "agency," Judge Green reasoned that the Privacy Act should also borrow the FOIA's exceptions as provided in the legislative history and by judicial interpretation. *See id.* Judge Green also found merit in the EOP's argument that the term "agency" should be read to avoid constitutional questions, for reading "agency" to include the EOP might raise constitutional concerns about the President's ability to obtain information and maintain Article II confidentiality. *See id.* at 5–6.

The Court of Appeals for the District of Columbia Circuit has not decided whether the EOP is an "agency" subject to the Privacy Act, but this Circuit's reasoning in other cases suggests that it is not. For example, in *Dong v. Smithsonian Institution*, 125 F.3d 877, 878–80 (D.C.Cir.1997), *cert. denied*, 524 U.S. 922, 118 S.Ct. 2311, 141 L.Ed.2d 169 (1998), the Court of Appeals addressed whether the Smithsonian Institution ("Smithsonian") was an "agency" subject to the Privacy Act. The *Dong* court first recognized that the Privacy Act expressly "borrows the definition of 'agency' found in FOIA." *Id.* at 878. "*Hence*, to be an agency under the Privacy Act, an entity must fit into one of the categories set forth either in [FOIA] § 552(f) or § 551(1)." [6] *Id.* at 879 (emphasis added).

---

**5.** Before the *Barr* decision was issued, Flowers had argued that "[t]his Court's prior decision in *Alexander* must be followed" on the grounds that coordinate courts should avoid issuing conflicting rulings. Pl.'s Opp. to Defs' Mot. to Dismiss and Pl.'s Cross Motion for

Partial Summ. J. at 4–7. The court assumes that Flowers does not make this same argument with respect to the *Barr* opinion.

**6.** Section 551(1) refers to the Administrative Procedure Act's definition of "agency." As

Finding that the Smithsonian did not fit within the FOIA's definition of "agency,"[7] the court held that the Smithsonian was not an "agency" under the Privacy Act. *See id.* at 878–80.

Similarly, in *Rushforth v. Council of Economic Advisers,* 762 F.2d 1038, 1040 (D.C.Cir.1985), this Circuit addressed whether the Council of Economic Advisers was an "agency" subject to the disclosure requirements of the Sunshine Act, 5 U.S.C. § 552b. Like the Privacy Act, the Sunshine Act expressly incorporates the FOIA definition of "agency." *See* Sunshine Act, 5 U.S.C. § 552b(a)(1) ("[T]he term 'agency' means any agency as defined in [FOIA] section 552(e)...."). Using the same rationale as followed in *Dong,* the *Rushforth* court held that "[i]nasmuch as the Council of Economic Advisers is not an agency for FOIA purposes, *it follows of necessity* that the CEA is, under the terms of the Sunshine Act, not subject to that statute either." *Rushforth,* 762 F.2d at 1043 (emphasis added).

■ Applying this same reasoning and analysis, this court holds that inasmuch as the EOP is not an "agency" subject to the FOIA, the EOP is not an "agency" subject to the Privacy Act. The Privacy Act expressly incorporates the FOIA's definition of "agency," *see* 5 U.S.C. § 552a(a)(1), and both the Supreme Court and this Circuit have held that the EOP's White House Office is not an "agency" under the FOIA. *See Kissinger v. Reporters Comm. for Freedom of the Press,* 445 U.S. 136, 156, 100 S.Ct. 960, 63 L.Ed.2d 267 (1980); *National Sec. Archive v. Archivist of the United States,* 909 F.2d 541, 545 (D.C.Cir. 1990). The court sees no reason to reject this logic, particularly given that the Court of Appeals employed this same reasoning in *Rushforth* and *Dong.*[8] The court, therefore, grants the EOP's motion to dismiss and denies Flowers' cross motion for partial summary judgment.[9]

## B. DOJ's Motion to Dismiss

In its motion to dismiss, DOJ argues that Flowers' claim that DOJ denied her access to records should be dismissed pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6) because Flowers does not allege that she submitted a Privacy Act request to DOJ. DOJ contends that the Privacy Act requires federal agencies to provide access to records only "upon request by any individual." 5 U.S.C. § 552a(d)(1); *see also* 5

---

this Circuit noted, however, Congress intended the FOIA's § 552(f) "to encompass entities that might have eluded the APA's definition in § 551(1)." *Energy Research Foundation v. Defense Nuclear Facilities Safety Board,* 917 F.2d 581, 583 (D.C.Cir.1990). Because the FOIA's § 552(f) definition of "agency" is directly related to the entities described in this case, the court will focus exclusively on § 552(f).

7. The *Dong* court also determined that the Smithsonian was not an "agency" as defined by the Administrative Procedure Act, 5 U.S.C. § 551(1). *See Dong v. Smithsonian Institution,* 125 F.3d 877, 880–83 (D.C.Cir.1997).

8. The court's decision is further bolstered by the recent opinions of Judge Kollar Kotelly,

who also held that the EOP's White House Office is not subject to the terms of the Privacy Act. *See Jones v. EOP,* No. 00–307(CKK), slip op. at 14–17 (D.D.C. Mar. 12, 2001); *Sculimbrene v. Reno,* No. 99–2010(CKK), slip op. at 6–18 (D.D.C. Feb. 16, 2001).

9. It is unclear to what extent Flowers seeks documents from EOP components other than the White House Office and the "President's immediate personal staff or units in the Executive Office whose sole function is to advise and assist the President." *Kissinger v. Reporters Committee for Freedom of the Press,* 445 U.S. 136, 156, 100 S.Ct. 960, 63 L.Ed.2d 267 (1980). Consistent with this opinion, Flowers is free to request documents directly from those EOP components that are subject to the FOIA and the Privacy Act.

U.S.C. § 552a(g)(1)(B) (noting that civil remedies are available when an agency refuses to comply with "an individual request"). Because Flowers made no request to DOJ, there could be no refusal to comply with "an individual request," DOJ maintains. Flowers responds that she properly pled a claim for damages for the maintenance and dissemination of records under 5 U.S.C. § 552a(b), e(1), and g(1)(D). Flowers argues that there is no requirement that a plaintiff submit a Privacy Act request to an agency before filing a claim for damages under these subsections.

■ Both parties offer accurate statements of law. Flowers is correct that under the Privacy Act an individual need not request records from an agency as a prerequisite to filing a damages suit against that agency for the unlawful **maintenance** and **dissemination** of records. *See, e.g.,* 5 U.S.C. §§ 552a(e)(1) and (g)(1)(D); *see also Haase v. Sessions,* 893 F.2d 370, 374–75 (D.C.Cir.1990) (citing *Nagel v. United States Dep't of Health Educ. & Welfare,* 725 F.2d 1438, 1441 (D.C.Cir. 1984)). However, this response does not address DOJ's equally-correct assertion that Flowers may not claim that DOJ unlawfully "refus[ed] to allow Plaintiff access to records" when Flowers did not even ask DOJ for **access** to records. Compl. ¶ 24. Indeed, there can be no denial of access, when a request for such access was not made. Nowhere in Flowers' Complaint (or in her pleadings) does she allege that she submitted a Privacy Act request to DOJ. By not requesting such records, Flowers has failed to exhaust her administrative remedies with respect to the denial of access claim, and the court lacks subject matter jurisdiction to hear that issue. *See Muhammad v. United States Bureau of Prisons,* 789 F.Supp. 449, 450 (D.D.C.1992) (dismissing Privacy Act claim because "[p]laintiff's failure to request the documents directly from the agencies constitutes a failure to exhaust administrative remedies."). Accordingly, DOJ's motion to dismiss the denial of access claim is granted.

C. DOJ's Motion for Judgment on the Pleadings [10]

Next, DOJ argues that the remaining portions of Flowers' Complaint—for the unlawful maintenance and dissemination of files—should be dismissed under Rule 12(b)(1) because Flowers fails to allege facts that establish this court's jurisdiction and under Rule 12(b)(6) because the Complaint fails to state a claim and fails to provide DOJ with fair notice of Flowers' allegations. DOJ further contends that the Complaint is devoid of "any identifiable action of any kind by DOJ or the FBI specifically with respect to the plaintiff." Def.'s Mot. for J. on Pleadings or Summ. J. at 5. Flowers responds that she has adequately stated a claim for relief under the liberal pleading requirements and has provided DOJ with sufficient notice of her claims. Flowers also maintains that she is entitled to plead various facts "on information and belief" because the facts at issue are solely within DOJ's knowledge.

■ The most significant deficiency in Flowers' Complaint is that it fails to allege facts that establish this court's subject matter jurisdiction. The Privacy Act includes a two-year statute of limitations period, *see* 5 U.S.C. § 552a(g)(5), and failure to file a Privacy Act claim within the

10. This title seems a bit misleading in that DOJ's main arguments here are that 1) Flowers' Complaint lacks sufficient facts to establish the court's jurisdiction, 2) Flowers' Complaint fails to state a claim upon which relief can be granted, and 3) Flower's complaint fails to allege sufficient facts to put DOJ on notice of Flowers' claims.

two-year period is jurisdictional. It is well-settled that an "untimely complaint deprives the district court of subject matter jurisdiction." *Griffin v. United States Parole Comm'n*, 192 F.3d 1081, 1082 (D.C.Cir.1999) (affirming dismissal of Privacy Act claim for lack of subject matter jurisdiction). And it is Flowers' responsibility, as the party seeking the court's jurisdiction, to "allege in [her] pleadings the facts essential to show jurisdiction." *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 179, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231, 110 S.Ct. 596, 107 L.Ed.2d 603 (1990). Moreover, the court may not infer jurisdiction "argumentatively from averments in [Flowers'] pleadings," *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 547, 106 S.Ct. 1326, 89 L.Ed.2d 501 (1986), for jurisdiction must "affirmatively and distinctly" appear in the complaint. *Norton v. Larney*, 266 U.S. 511, 515, 45 S.Ct. 145, 69 L.Ed. 413 (1925).

■■ Here Flowers' Complaint fails to provide any factual assertions to indicate when DOJ's unlawful conduct occurred or when Flowers knew or had reason to know of DOJ's unlawful activities with respect to her rights. *See Tijerina v. Walters*, 821 F.2d 789, 798 (D.C.Cir.1987) (holding that the Privacy Act's statute of limitations begins when the plaintiff knew or had reason to know of the alleged violation). Without these basic factual assertions, the court has no basis to determine whether Flowers' claims satisfy the applicable limitations period. The court notes that Flowers filed her Complaint on December 21, 1999, and any unlawful conduct that Flowers knew or had reason to know about before December 21, 1997, would not be subject to this court's jurisdiction.[11] Notably, Flowers never addresses the statute of limitations issue in her Complaint, nor does she provide any direct response to DOJ's arguments raising the statute of limitations defense.[12] This omission is quite fatal, as the court cannot proceed if Flowers has not established the court's jurisdiction to hear her claims. *See Griffin v. United States Parole Comm'n*, 192

---

11. The two-year limitations period is particularly significant here given that Flowers alleges that the "Clinton EOP and DOJ" violated her Privacy Act rights because she was a "perceived adversary" of the Clinton Administration. Compl. ¶¶ 20, 22–25. In her pleadings, Flowers maintains that she was a perceived critic of former President Clinton since the beginning of his presidency, which began in January, 1993 and ended in January, 2001. But only those alleged violations that Flowers knew or had reason to know about since December 21, 1997, would be subject to the court's jurisdiction.

12. *See* Defs.' Mot. to Dismiss at 31 n. 13; DOJ's Mot. for J. on Pleadings, or in the Alternative, for Summ. J. at 7, 10, 26–27 n. 11; Def.'s Reply to Pl.'s Opp'n to DOJ's Mot. for J. on Pleadings, or in the Alternative, for Summ. J. at 4–5. Flowers does mention in a single footnote that she "first became aware of the conduct giving rise to this action when she saw [former Special Counsel to the President] Mr. [Lanny] Davis on television." Pl.'s Opp'n to DOJ's Mot. to Dismiss and Cross Mot. for Summ. J. at 18 n. 7. However, the comments to which Flowers refers never mentioned Flowers, *see infra p. 13*, and in any event, the court may not infer jurisdiction argumentatively from averments in Flowers' pleadings. *See Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 547, 106 S.Ct. 1326, 89 L.Ed.2d 501 (1986). It is well established that jurisdiction must appear affirmatively and distinctly in the complaint and "cannot be helped by presumptions or by argumentative inferences drawn from the pleadings. If it does not thus appear by the allegations of the bill or complaint, the trial court, upon having its attention called to the defect or upon discovering it, must dismiss the case, unless the jurisdictional facts be supplied by amendment." *Norton v. Larney*, 266 U.S. 511, 515–16, 45 S.Ct. 145, 69 L.Ed. 413 (1925).

F.3d 1081, 1082 (D.C.Cir.1999) (affirming dismissal of Privacy Act claim for lack of subject matter jurisdiction).

Alternatively, even if this court did have jurisdiction to hear Flowers' remaining claims, the court would dismiss the Complaint under Rule 12(b)(6) because the Complaint fails to state a claim and fails to allege facts sufficient to put DOJ on notice. It is well-settled that a complaint should not be dismissed for failure to state a claim unless "the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Under the liberal pleading standards, the court must construe Flowers' Complaint in the light most favorable to her and grant her the benefit of all inferences that can be derived from the facts alleged. *See Schuler v. United States*, 617 F.2d 605, 608 (D.C.Cir.1979). However, "the court need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations." *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C.Cir. 1994) (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)).

█ Here, as DOJ contends, Flowers fails to allege any facts to support her claim that DOJ maintained and disseminated confidential information on her. The only factual assertions offered in Flowers' Complaint involve comments made about Juanita Broaddrick—an individual who is not a party to this suit.[13] *See* Compl. ¶¶ 16–19. In her Complaint, Flowers quotes Lanny Davis, a former Special Counsel to President Clinton, who ap-

peared on a December 16, 1999, FOX television program, as stating that Broaddrick made statements to the FBI that were inconsistent with her previous comments. *See* Compl. ¶ 17. Flowers surmises that Davis could not have known what Broaddrick said to the FBI unless the FBI maintained and disseminated confidential records on Broaddrick. *See* Compl. ¶ 18. The problem with this argument is that Davis' comments, which the court accepts as true for purposes of this motion, do not even mention Flowers. Nor do the comments provide any factual basis to support Flowers' claims that DOJ maintained and disseminated records on *her*. Insofar as Flowers attempts to speculate that she, as a "perceived adversary" of the Clinton Administration, suffered "similar and/or identical treatment" as Broaddrick, Compl. ¶ 20, the court notes that there is not a single fact in Flowers' Complaint (or in her pleadings) to support such an inference. *See Briscoe v. LaHue*, 663 F.2d 713, 723 (7th Cir.1981), *aff'd on other grounds*, 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983) ("[C]onclusory allegations unsupported by any factual assertions will not withstand a motion to dismiss."). Moreover, this Circuit has held that even under the liberal pleading standards "sweeping and unwarranted averments of fact" without any underlying factual basis will not be deemed admitted for purposes of a motion to dismiss. *Haynesworth v. Miller*, 820 F.2d 1245, 1254 (D.C.Cir.1987).

Still, Flowers contends that she is not required to allege any facts in support of her claim, because she provides a short and plain statement of her allegations. It is true that Flowers need not provide extensive factual details in her complaint, but her "short and plain statement" must at

---

**13.** Broaddrick has filed a separate Privacy Act suit against the EOP and DOJ. *See Broaddrick v. Executive Office of the President, et al.,* No. 99–3381(HHK) (D.D.C. filed Dec. 20, 1999).

least include some factual assertions to put DOJ on notice of "the event being sued upon." 5 C. Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1202 at 69–70 (1990). Citing comments made about a person who is not a party to this case will not do. DOJ has no way of knowing what alleged conduct it engaged in with respect to Flowers or when such conduct occurred. This is not a situation where Flowers' Complaint merely fails to provide details of DOJ's unlawful activities; rather, the Complaint fails to provide any facts whatsoever to advise DOJ or the court of the unlawful "event" of which Flowers complains.

■ In spite of these deficiencies, Flowers maintains that her Complaint is sufficient because she pleads "on information and belief" that DOJ maintained and disseminated confidential information from her files. Pl.'s Opp'n to Def.'s Mot. for J. on Pleadings or Summ. J. at 8–9. In general, pleadings on information and belief are permitted when the necessary information lies within defendant's control. *See In re Craftmatic Sec. Litig.*, 890 F.2d 628, 646 (3d Cir.1989). "Nonetheless, standards for pleadings on information and belief must be construed consistent with the purposes of [Fed.R.Civ.P.] 9(b), which attempts in part to prevent the filing of a complaint as a pretext for the discovery of unknown wrongs." *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1279 n. 3 (D.C.Cir.1994). The *Kowal* court expressly affirmed a district court's determination that pleadings on information and belief require "an allegation that the necessary information lies within the defendant's control, *and* that such allegations must also be accompanied by a *statement of the facts* upon which the allegations are based." *Id.*

(emphasis added). In the present case, Flowers does not provide any statement of the facts upon which she bases her allegations. Furthermore, even if Flowers does not have access to the specific records that were allegedly disclosed, which she is not required to provide at the pleading stage, *see Krieger v. Fadely*, 211 F.3d 134, 136 (D.C.Cir.2000), she should still be able to offer some factual assertion to indicate when she knew or had reason to know of DOJ's unlawful maintenance and disclosure of her files. Again, merely citing comments made about another individual who is not a party to this case will not suffice. Nor will the court accept Flowers' conjecture that DOJ conspired to disclose damaging information on Flowers, when Flowers' Complaint (and her pleadings) fail to allege any facts to support such a claim. *See Briscoe v. LaHue*, 663 F.2d 713, 723 (7th Cir.1981) (holding that the plaintiff "is required to allege something in the way of facts before [her] allegations of conspiracy may be deemed to state a claim … mere conjecture that there has been a conspiracy is not enough").

■ To reiterate, Flowers has failed to provide factual assertions to establish the court's subject matter jurisdiction, and the court has no way to determine whether Flowers' claims satisfy the two-year limitations period. Though the court construes Flowers' Complaint liberally and in the light most favorable to her, the Complaint is nonetheless devoid of essential facts necessary to put DOJ on notice of the event upon which Flowers complains. Finally, given the paucity of factual allegations, the Complaint fails to state a claim against DOJ for violations of the Privacy Act.[14]

---

14. In addition, to state a claim for civil remedies under the Privacy Act, Flowers must allege (and later prove) that the agency's conduct was "intentional or willful." 5 U.S.C. § 552a(g)(1)(4). This Circuit has interpreted "intentional or willful" to mean that the agen-

## III. CONCLUSION

For the foregoing reasons, the court grants the EOP's motion to dismiss, denies Flowers' cross motion for partial summary judgment, grants DOJ's motion to dismiss the denial of access claim, and grants DOJ's motion for judgment on the pleadings or, in the alternative, for summary judgment. An appropriate order accompanies this memorandum opinion.

### ORDER AND JUDGMENT

Pursuant to Fed.R.Civ.P. 58 and for the reasons stated by the court in its memorandum docketed this same day, it is this —— day of March, 2001, hereby

**ORDERED** and **ADJUDGED** that the complaint in this case is **DISMISSED**.

cy acted "without grounds for believing [its action] to be lawful, or by flagrantly disregarding others' rights under the Act." *Albright v. United States,* 732 F.2d 181, 189 (D.C.Cir. 1984). Here Flowers fails to allege a single fact in her Complaint to suggest that DOJ's conduct-whatever it was and whenever it occurred-was intentional or willful as defined by the courts. As this Circuit has held, a Privacy Act plaintiff may "avoid dismissal of his complaint only if he [ ] presented some *factual basis* to support his allegation of willful or intentional conduct on the part of the agency." *White v. Office of Personnel Management,* 840 F.2d 85, 87 (D.C.Cir.1988), *cert. denied,* 444 U.S. 830, 100 S.Ct. 58, 62 L.Ed.2d 39. Flowers has presented no such factual basis here.