**KURZ–KASCH, INC., Plaintiff,**

v.

**The U.S. DEPARTMENT OF DEFENSE, Director for the Freedom of Information Act, Defendant.**

**No. C–3–86–0316.**

United States District Court, S.D. Ohio, W.D.

Dec. 4, 1986.

Charles J. Faruki, Smith & Schnacke, Dayton, Ohio, for plaintiff.

Dale Ann Goldberg, Asst. U.S. Atty., Dayton, Ohio, for defendant.

## ORDER

HERMAN JACOB WEBER, District Judge.

This matter is before the Court upon defendant's Motion for Protective Order (doc. no. 13) and plaintiff's objections thereto. This action has been brought by plaintiff under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel disclosure of certain documents by the United States Department of Defense.

Plaintiff, Kurz-Kasch, Inc., was a government contractor which has held several contracts with the Department of the Army and which had participated in other contract situations which did not result in a contract award. Pursuant to allegations of violations of both the Federal Acquisition Regulations and anti-trust laws by the plaintiff, the Defense Criminal Investigative Service ("DCIS") commenced an investigation and plaintiff was suspended from further contracting with any federal governmental agency. Plaintiff is currently the target of a federal grand jury investigation.

In this FOIA action, plaintiff has served Joseph Kurak, a private citizen, with a notice of deposition and a subpoena *duces tecum* for his personal papers and possessions. It is undisputed that Mr. Kurak was never an employee of the defendant and did not participate in either the search of the agency records or in the decisions concerning the disclosure of the requested records. Mr. Kurak is a private contractor whose company had bid against the plaintiff for government contracts. His connection to this action is that his name is mentioned in the agency records which are sought by plaintiff.

Plaintiff maintains that this discovery vehicle is necessary to its FOIA action and proper under the Federal Rules of Civil Procedure. Plaintiff contends that such discovery is designed to test the thoroughness of the Government's searches for the requested documents and to challenge the Government's reliance on certain exemptions provided in the Act to justify withholding existing documents.

For the purpose of deciding this Motion for Protective Order, it is crucial to focus initially on the source of the information and documents requested, rather than on the nature of the information and documents themselves. Plaintiff is attempting to discover information and documents in a

FOIA case held by a private citizen unconnected in any way to the United States Government except as one who gave information to the Government. It is plaintiff's contention that by reason of its filing a suit in federal court against the government agencies pursuant to FOIA, it is afforded the broad tools of discovery provided in the Federal Rules against a private citizen.

This is a Court of limited jurisdiction which derives its power solely from the acts of Congress. The specific statutory basis asserted for federal jurisdiction in this case is the Freedom of Information Act. Upon careful consideration and examination of the statute, this Court finds no jurisdiction under FOIA to enforce the subpoena or the deposition against Joseph Kurak. The Court finds that Congress did not intend or imagine that FOIA would act as a dragnet to force private, non-governmental individuals to release personal confidential information and documents. Congress specifically protected against such unwarranted invasions of privacy by providing that the Act impacts only *agencies* not individuals and *"does not apply* to matters that are ... commercial or financial information obtained from a person and privileged or confidential [or to] personal and medical files and similar files." (Emphasis added). 52 U.S.C. § 552(b). This Court holds that it has no jurisdiction under FOIA to order the discovery demanded by plaintiff from a private citizen. We acknowledge that the discovery rules of the Federal Rules of Civil Procedure do apply to FOIA cases as they are civil actions, but only against agencies of the government.

The Court finds that the information sought in this case is confidential and personal to Joseph Kurak, a private citizen, therefore the Court has no jurisdiction to issue the subpoena and plaintiff is not entitled to discover information held by a private citizen in this FOIA action.

Both parties have indicated that this is a case of first impression. This Court holds that the intent and purpose of the Act is to ensure that governmental agencies make certain information available to the public, not to compel private individuals to disclose personal information or documents held by them.

In conclusion, as this Court's jurisdiction is limited by the narrow scope of the Freedom of Information Act, the Court finds that the Act confers no authority upon this Court to compel Joseph Kurak to honor the subpoena issued at the request of plaintiff to produce personal or confidential information as demanded by plaintiff. As a private individual having no official connection with any federal governmental *agency*, Joseph Kurak is beyond the reach of this Court in this case. Accordingly, defendant's Motion for Protective Order is GRANTED and plaintiff's Notice of Deposition and Subpoena *Duces Tecum* is QUASHED and considered to be of no force and effect in this case.

IT IS SO ORDERED.