Juanita **BROADDRICK**, Plaintiff,

v.

The **EXECUTIVE OFFICE OF THE PRESIDENT, et al., Defendants.**

**CIV.A. No. 99–3381(HHK).**

United States District Court, District of Columbia.

March 27, 2001.

---

## MEMORANDUM OPINION

KENNEDY, District Judge.

Juanita Broaddrick ("Broaddrick") filed this suit against defendants The Executive Office of the President ("EOP") and the Department of Justice ("DOJ"), alleging that the EOP and DOJ violated the Privacy Act, 5 U.S.C. § 552a *et seq.* Before the court are the EOP's motion to dismiss, Broaddrick's cross motion for partial summary judgment, DOJ's motion to dismiss, and DOJ's amended motion for summary judgment. Upon consideration of the motions, the opposition thereto, and the record of the case, the court grants the EOP's motion to dismiss, denies Broaddrick's cross motion for partial summary judgment, grants DOJ's motion to dismiss her denial of access claim, and grants DOJ's

amended motion for summary judgment on all remaining claims.

## I. BACKGROUND

On October 12, 1999, Broaddrick submitted a written request to the EOP pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a, for any documents that refer or relate to Juanita Broaddrick. The White House Office, of which the Office of Counsel to the President is a part,[1] responded on October 27, 1999, denying Broaddrick's request on the grounds that the "President's immediate personal staff and units in the Executive Office of the President whose sole function is to advise and assist the President are not included within the term 'agency' under the FOIA and the Privacy Act." Compl. at Ex. 2. The White House Office also noted that the FOIA and the Privacy Act do not establish a statutory right to records Broaddrick seeks from the EOP, if such records exist. This suit followed.

In Count I of her Complaint, Broaddrick alleges that the EOP and DOJ violated the Privacy Act by maintaining records on Broaddrick as "part of a pattern of willful and intentional misconduct undertaken for purposes of attacking or threatening attacks on Plaintiff, and others similarly situated." Compl. ¶ 22. Broaddrick contends that this maintenance of records is in violation of 5 U.S.C. §§ 552a(e)(1) and (g)(1)(D). Broaddrick also alleges that the EOP and DOJ disseminated information from her records in violation of 5 U.S.C. §§ 552a(e)(1) and (g)(1)(D). Finally, Broaddrick claims that the EOP and DOJ refused her request for access to records in violation of 5 U.S.C. §§ 552a(d)(1) and (g)(1)(B).

The EOP and DOJ filed motions to dismiss and for summary judgement. The EOP argues that the case against it should be dismissed because the EOP's White House Office is not an "agency" subject to the Privacy Act. DOJ argues that the claims against the FBI, a part of DOJ, should be dismissed because Broaddrick does not allege that she submitted a Privacy Act request to the FBI. Broaddrick filed a cross motion for partial summary judgment on these same issues. Finally, DOJ filed an amended motion for summary judgment.[2] In that motion, DOJ contends, *inter alia*, that Broaddrick's allegations against DOJ are unfounded in fact and in law.

## II. ANALYSIS

The Privacy Act of 1974, 5 U.S.C. § 552a *et seq.*, regulates the collection, maintenance, use, and dissemination of an individual's personal information by federal government agencies. *See* 5 U.S.C. § 552a(e). The Privacy Act provides that each agency that maintains a "system of records" shall maintain "only such infor-

---

**1.** The EOP comprises thirteen different components, one of which is the White House Office. The White House Office is itself made up of several units, including the Office of Counsel to the President (also known as the White House Counsel's Office). *See, e.g., National Sec. Archive v. Archivist of the United States*, 909 F.2d 541, 545 (D.C.Cir.1990). The EOP contends that the only records at issue are those allegedly obtained by the White House Office's Office of the Counsel to the President because Broaddrick's Complaint only discusses the statements of a former Special Counsel to the President. *See* Defs.' Mot.

to Dismiss at 1; Compl. ¶¶ 16–19. Broaddrick does not dispute this characterization, nor does she allege in her Complaint (or in her submissions) that other units of the EOP contain relevant records. *See infra* note 9.

**2.** DOJ's amended motion withdrew Part "II" of its motion for summary judgment, which related to claims other than Broaddrick's denial of access claim. The amended motion for summary judgment raised several arguments concerning Broaddrick's maintenance and dissemination claims.

mation about an individual as is relevant and necessary to accomplish a purpose of the agency required to be accomplished by statute or by executive order of the President." *Id.* § 552a(e)(1). The Privacy Act also states that "upon request by any individual to gain access to his record or to any information pertaining to him which is contained in the system," the agency shall provide the individual with access to review such records. *Id.* § 552a(d)(1). Finally, subject to certain exceptions, the Privacy Act requires that "[n]o agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains." *Id.* § 552a(b).

Before addressing the parties' arguments, it is important to note that the Privacy Act applies only to an "agency" as defined by the FOIA. *See* 5 U.S.C. § 552a(a)(1) (expressly incorporating the FOIA's definition of "agency").[3] Under the FOIA, "agency" includes "any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency." 5 U.S.C. § 552(f). Though the Executive Office of the President is expressly mentioned in the FOIA definition of "agency," the Supreme Court has held that the FOIA's reference to "the 'Executive Office' does not include the Office of the President." *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 156, 100 S.Ct. 960, 63 L.Ed.2d 267 (1980).[4] The *Kissinger* Court also stated that " 'the President's immediate personal staff or units in the Executive Office whose sole function is to advise and assist the President' are not included within the term 'agency' under the FOIA." *Id.* (citing H.R. Conf. Rep. No. 93–1380, p. 15 (1974)).

A. The EOP's Motion to Dismiss

The EOP argues that the White House Office should not be considered an "agency" subject to the Privacy Act because it is not an agency subject to the FOIA. Broaddrick disagrees, suggesting that the statutory definition of the term "agency" and the Privacy Act's legislative history require that the Privacy Act be applied to the EOP without exception. In support of their positions, both Broaddrick and the EOP cite recent district court opinions from this court, which decided whether the EOP was subject to the Privacy Act. *Compare Alexander v. F.B.I.*, 971 F.Supp. 603, 607 (D.D.C.1997) (Lamberth, J.) (holding that the EOP was an "agency" subject to the Privacy Act), *with* Memorandum, *Barr v. Executive Office of the President*, No. 99–1695, (D.D.C. Aug. 9, 2000) (Green, J.L., J.) (holding that the EOP was *not* an "agency" subject to the Privacy Act). *See also Falwell v. Executive Office of the President*, 113 F.Supp.2d 967, 970 (W.D.Va.2000) (holding that the Office of the President is *not* subject to the Privacy Act). Despite suggestions to the con-

---

**3.** The Privacy Act expressly incorporates the FOIA definition of "agency" by referring to "section 552(e) of this title." In 1986, 5 U.S.C. § 552 was amended, and section 552(e) was redesignated section 552(f). *See* Pub.L. 99–570, § 1802(b). No subsequent revision of the Privacy Act was made.

**4.** The "Office of the President" is also known as the "White House Office." *See, e.g., Meyer*

*v. Bush*, 981 F.2d 1288, 1310 (D.C.Cir.1993) (Wald, J. dissenting) ("We and the Supreme Court have interpreted 'immediate personal staff' to refer to the staff of the Office of the President, *also known as the White House Office*, one of the fourteen units within the Executive Office of the President.") (emphasis added).

trary,[5] the *Alexander* and *Barr* opinions are not binding upon this court and do not establish the "the law of the district." *In re: Executive Office of President,* 215 F.3d 20, 24 (D.C.Cir.2000). The *Alexander* and *Barr* decisions do have persuasive value, however; and this court will evaluate Judge Lamberth's and Judge Green's analysis in making its own independent assessment of the law as it is applied to this case.

In *Alexander,* Judge Lamberth held that the Privacy Act's definition of "agency" includes the Executive Office of the President. Judge Lamberth reasoned that the purposes of the Privacy Act and the FOIA are quite different: the FOIA was enacted to provide citizens with better access to government records, while the Privacy Act was adopted to safeguard individuals against invasions of their privacy. *Alexander,* 971 F.Supp. at 606. Because of these different purposes, Judge Lamberth found that "there is no need to ignore the plain language of the [Privacy Act] statute and limit the word 'agency' as has been done under FOIA." *Id.* at 606–07. Judge Lamberth also reasoned that by providing exceptions to the FOIA disclosure requirements, Congress and the courts recognized that FOIA access must be limited given the intricate balance between the public interest in information and "countervailing public and private interests in secrecy." *Id.* at 606. However, Judge Lamberth noted that "there is no evidence that the privacy protections provided by Congress in the Privacy Act must also be necessarily limited." *Id.*

In *Barr,* Judge June L. Green addressed the same issue, but concluded that the EOP was *not* an "agency" subject to the Privacy Act. Judge Green stated that "[i]t is a fair construction of the Privacy Act to exclude the President's immediate personal staff from the definition of 'agency.'" *Barr v. Executive Office of the President,* No. 99–1695(JLG), slip op. at 6 (D.D.C. Aug. 9, 2000). Because the Privacy Act borrows the FOIA definition of "agency," Judge Greene reasoned that the Privacy Act should also borrow the FOIA's exceptions as provided in the legislative history and by judicial interpretation. *See id.* Judge Green also found merit in the EOP's argument that the term "agency" should be read to avoid constitutional questions, for reading "agency" to include the EOP might raise constitutional concerns about the President's ability to obtain information and maintain Article II confidentiality. *See id.* at 5–6.

The Court of Appeals for the District of Columbia Circuit has not decided whether the EOP is an "agency" subject to the Privacy Act, but this Circuit's reasoning in other cases suggests that it is not. For example, in *Dong v. Smithsonian Institution,* 125 F.3d 877, 878–80 (D.C.Cir.1997), *cert. denied,* 524 U.S. 922, 118 S.Ct. 2311, 141 L.Ed.2d 169 (1998), the Court of Appeals addressed whether the Smithsonian Institution ("Smithsonian") was an "agency" subject to the Privacy Act. The *Dong* court first recognized that the Privacy Act expressly "borrows the definition of 'agency' found in FOIA." *Id.* at 878. *"Hence,* to be an agency under the Privacy Act, an entity must fit into one of the categories set forth either in [FOIA] § 552(f) or § 551(1)."[6] *Id.* at 879 (emphasis added).

---

**5.** Before the *Barr* decision was issued, Broaddrick had argued that "[t]his Court's prior decision in *Alexander* must be followed" on the grounds that coordinate courts should avoid issuing conflicting rulings. Pl.'s Opp. to Defs' Mot. to Dismiss and for Summ. J., and Pl.'s Cross Motion for Partial Summ. J. at

5–8. The court assumes that Broaddrick does not make this same argument with respect to the *Barr* opinion.

**6.** Section 551(1) refers to the Administrative Procedure Act's definition of "agency." As this Circuit noted, however, Congress intend-

Finding that the Smithsonian did not fit within the FOIA's definition of "agency,"[7] the court held that the Smithsonian was not an "agency" under the Privacy Act. *See id.* at 878–80.

Similarly, in *Rushforth v. Council of Economic Advisers,* 762 F.2d 1038, 1040 (D.C.Cir.1985), this Circuit addressed whether the Council of Economic Advisers was an "agency" subject to the disclosure requirements of the Sunshine Act, 5 U.S.C. § 552b. Like the Privacy Act, the Sunshine Act expressly incorporates the FOIA definition of "agency." *See* Sunshine Act, 5 U.S.C. § 552b(a)(1) ("[T]he term 'agency' means any agency as defined in [FOIA] section 552(e) . . . ."). Using the same rationale as followed in *Dong,* the *Rushforth* court held that "[i]nasmuch as the Council of Economic Advisers is not an agency for FOIA purposes, *it follows of necessity* that the CEA is, under the terms of the Sunshine Act, not subject to that statute either." *Rushforth,* 762 F.2d at 1043 (emphasis added).

■ Applying this same reasoning and analysis, this court holds that inasmuch as the EOP is not an "agency" subject to the FOIA, the EOP is not an "agency" subject to the Privacy Act. The Privacy Act expressly incorporates the FOIA's definition

of "agency," *see* 5 U.S.C. § 552a(a)(1), and both the Supreme Court and this Circuit have held that the EOP's White House Office is not an "agency" under the FOIA. *See Kissinger v. Reporters Comm. for Freedom of the Press,* 445 U.S. 136, 156, 100 S.Ct. 960, 63 L.Ed.2d 267 (1980); *National Sec. Archive v. Archivist of the United States,* 909 F.2d 541, 545 (D.C.Cir. 1990). The court sees no reason to reject this logic, particularly given that the Court of Appeals employed this same reasoning in *Rushforth* and *Dong.*[8] The court, therefore, grants the EOP's motion to dismiss, and denies Broaddrick's cross motion for partial summary judgment.[9]

## B. DOJ's Motion to Dismiss

In its motion to dismiss, DOJ argues that Broaddrick's claim that DOJ denied her access to records should be dismissed pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6) because Broaddrick does not allege that she submitted a Privacy Act request to DOJ. DOJ contends that the Privacy Act requires federal agencies to provide access to records only "upon request by any individual." 5 U.S.C. § 552a(d)(1); *see also* 5 U.S.C. § 552a(g)(1)(B) (noting that civil remedies are available when an agency refuses to

---

ed the FOIA's § 552(f) "to encompass entities that might have eluded the APA's definition in § 551(1)." *Energy Research Foundation v. Defense Nuclear Facilities Safety Board,* 917 F.2d 581, 583 (D.C.Cir.1990). Because the FOIA's § 552(f) definition of "agency" is directly related to the entities described in this case, the court will focus exclusively on § 552(f).

7. The *Dong* court also determined that the Smithsonian was not an "agency" as defined by the Administrative Procedure Act, 5 U.S.C. § 551(1). *See Dong v. Smithsonian Institution,* 125 F.3d 877, 880–83 (D.C.Cir.1997).

8. The court's decision is further bolstered by the recent opinions of Judge Kollar Kotelly, who also held that the EOP's White House

Office is not subject to the terms of the Privacy Act. *See Jones v. EOP,* No. 00–307(CKK), slip op. at 14–17 (D.D.C. Mar. 12, 2001); *Sculimbrene v. Reno,* No. 99–2010(CKK), slip op. at 6–18 (D.D.C. Feb. 16, 2001).

9. It is unclear to what extent Broaddrick seeks documents from EOP components other than the White House Office and the "President's immediate personal staff or units in the Executive Office whose sole function is to advise and assist the President." *Kissinger v. Reporters Committee for Freedom of the Press,* 445 U.S. 136, 156, 100 S.Ct. 960, 63 L.Ed.2d 267 (1980). Consistent with this opinion, Broaddrick is free to request documents directly from those EOP components that are subject to the FOIA and the Privacy Act.

comply with "an individual request"). Because Broaddrick made no request to DOJ, there could be no refusal to comply with "an individual request," DOJ maintains. Broaddrick responds that she properly pled a claim for damages for the maintenance and dissemination of records under 5 U.S.C. § 552a(b), e(1), and g(1)(D). Broaddrick argues that there is no requirement that a plaintiff submit a Privacy Act request to an agency before filing a claim for damages under these subsections.

■ Both parties offer accurate statements of law. Broaddrick is correct that under the Privacy Act an individual need not request records from an agency as a prerequisite to filing a damages suit against that agency for the unlawful **maintenance** and **dissemination** of records. *See, e.g.,* 5 U.S.C. §§ 552a(e)(1) and (g)(1)(D); *see also Haase v. Sessions,* 893 F.2d 370, 374–75 (D.C.Cir.1990) (citing *Nagel v. United States Dep't of Health Educ. & Welfare,* 725 F.2d 1438, 1441 (D.C.Cir. 1984)). However, this response does not address DOJ's equally-correct assertion that Broaddrick may not claim that DOJ unlawfully "refus[ed] to allow Plaintiff **access** to records" when Broaddrick did not even ask DOJ for access to records. Compl. ¶ 23. Indeed, there can be no denial of access, when a request for such access was not made. Nowhere in Broaddrick's Complaint (or in her pleadings) does she allege that she submitted a Privacy Act request to DOJ. By not requesting such records, Broaddrick has failed to exhaust her administrative remedies with respect to the denial of access claim, and the court lacks subject matter jurisdiction to hear that issue. *See Muhammad v. United States Bureau of Prisons,* 789 F.Supp. 449, 450 (D.D.C.1992) (dismissing Privacy Act claim because "[p]laintiff's failure to request the documents directly from the agencies constitutes a failure to exhaust administrative remedies."). Accordingly, DOJ's motion to dismiss the denial of access claim is granted.

C. DOJ's Amended Motion for Summary Judgment

Next, DOJ argues that it is entitled to summary judgment on Broaddrick's remaining claims for the unlawful maintenance and dissemination of files. Summary judgment should not be granted unless there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248–49, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The moving party bears the initial burden of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the moving party's motion for summary judgment is properly supported, the burden then shifts to the non-movant to "set forth specific facts showing that there is a genuine issue for trial." Fed. R.Civ.P. 56(e); *see Anderson,* 477 U.S. at 248, 106 S.Ct. 2505. Pursuant to LCvR 7.1(h), each summary judgment motion and opposition must be accompanied by a statement of material facts as to which the party contends there is or is not a genuine issue. The statements must also include "references to the parts of the record relied on to support the statement(s)." LCvR 7.1(h).

Here DOJ has met its initial burden of production by providing a statement of undisputed material facts, which is supported by references to the record. *See* Def.'s Statement of Material Facts as to which There is No Genuine Issue ("Def.'s Statement"). In that statement, DOJ cites the sworn affidavits of Debra Anne O'Clair, Unit Chief of the FBI's Investiga-

tive Information Processing Unit, who states that she searched the FBI's Central Records System General Index and found "no references identifiable to the name 'Juanita Broaddrick' within the subject or the reference indices." Decl. of Debra O'Clair ¶ 10 ("O'Clair Decl."). O'Clair explains that the fact that Broaddrick is not recorded within the "subject" index indicates that Broaddrick was not the subject of an FBI investigation and that there are no FBI "subject" files on her. *See id.* ¶ 7; Def.'s Statement ¶ 4. DOJ also cites the supplemental declaration of O'Clair, in which O'Clair states that she conducted a full text search of the FBI Electronic Case File ("ECF") system and found two documents that contain the name "Juanita Broaddrick." Suppl. Decl. of Debra O'Clair at ¶ 8 ("O'Clair Suppl. Decl.").[10] Those two documents were located in Los Angeles, California, and Washington, D.C. With respect to these documents, DOJ presents sworn declarations from Luis G. Flores, FBI Chief Division Counsel, Los Angeles Division, and Edward L. Williams, Jr., FBI Chief Division Counsel, Washington, D.C. Field Office, who each stated that:

> Based upon [the] manual search and my review of the physical files as well as the documents themselves, I have determined that neither the serial document, nor the file in which it is contained, have any indicia of dissemination outside the FBI as FBI policy would require had dissemination occurred.

Decl. of Luis G. Flores ¶ 6; Decl. of Edward L. Williams, Jr. ¶ 6.

■ These sworn affidavits demonstrate that there is no genuine issue as to whether DOJ unlawfully maintained and disseminated files on Broaddrick.[11] The burden now shifts to Broaddrick to "set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). In meeting this burden, Broaddrick must present "affirmative evidence" and may not "rest upon mere allegation or denials of [her] pleadings" *Laningham v. United States Navy,* 813 F.2d 1236, 1241 (D.C.Cir. 1987) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)); *see also* Fed.R.Civ.P. 56(e). But Broaddrick seems to do just that—relying exclusively on allegations of her pleadings—when she responds that DOJ is not entitled to summary judgment because the "repeated flip-flopping by the Clinton Gore DOJ demonstrates that its factual allegations regarding the documents it maintains on Plaintiff are unreliable." Pl.'s Opp'n to DOJ's Amended Mot. for Summ. J. at 12 ("Pl.'s Opp'n"). Broaddrick surmises that because O'Clair submitted a supplemental declaration, her sworn testimony must be unreliable: "Plaintiff naturally is, and the Court should be, skeptical of the FBI's claims in this regard." Pl.'s Opp'n at 12. However, an agency's efforts to correct or update the record should not be viewed as an indication of unreliability. *See Military*

---

**10.** According to her supplemental affidavit, O'Clair did not search the ECF system initially because "full text searching of the ECF is not a complete search of FBI documents [and] it is used only in a limited number of cases as an investigative technique." O'Clair Suppl. Decl. ¶ 7. But "at the request of the Office of the General Counsel," O'Clair performed this full ECF text search and found the two documents that contain Broaddrick's name. *Id.*

**11.** These affidavits also show that there is no genuine issue as to an essential element of Broaddrick's Privacy Act damages claim, namely that the government's conduct was "intentional or willful." 5 U.S.C. § 552a(g)(1)(4). This Circuit has interpreted "intentional or willful" to mean that the agency acted "without grounds for believing [its action] to be lawful, or by flagrantly disregarding others' rights under the Act." *Albright v. United States,* 732 F.2d 181, 189 (D.C.Cir. 1984).

*Audit Project v. Casey*, 656 F.2d 724, 754 (D.C.Cir.1981). Agency affidavits are accorded "a presumption of good faith" and cannot be rebutted by "purely speculative claims about the existence and discoverability of other documents." *SafeCard Services, Inc. v. S.E.C.*, 926 F.2d 1197, 1200 (D.C.Cir.1991) citing *Ground Saucer Watch, Inc. v. CIA*, 692 F.2d 770, 771 (D.C.Cir.1981). Here Broaddrick has presented no evidence to rebut the presumption that DOJ's declarations were submitted in good faith. Neither has Broaddrick presented countervailing evidence suggesting that DOJ maintained and disseminated files on Broaddrick.

■ Broaddrick also argues that DOJ is not entitled to summary judgement because "discovery has yet to commence." Pl.'s Response to Def.'s Statement of Material Facts Not in Dispute ("Pl.'s Response") ¶¶ 1–6. The court notes that discovery is not typically a part of FOIA and Privacy Act cases, *see Goland v. CIA*, 607 F.2d 339, 352–55 (D.C.Cir.1978), *cert. denied*, 445 U.S. 927, 100 S.Ct. 1312, 63 L.Ed.2d 759 (1980), and whether to permit discovery is within the sound discretion of the district court judge. *See SafeCard Services, Inc. v. S.E.C.*, 926 F.2d 1197, 1200–01 (D.C.Cir.1991). Moreover, merely stating that "discovery has yet to commence" is insufficient to respond to a properly-supported motion for summary judgement. Pl.'s Response ¶¶ 1–6. The party opposing summary judgment must indicate "what facts she intended to discover that would create a triable issue." *Carpenter v. Federal Nat'l Mortg. Ass'n*, 174 F.3d 231, 237 (D.C.Cir.1999). In addition, the party opposing summary judgment must "state[ ] concretely why she could not,

absent discovery, present by affidavit facts essential to justify her opposition to [the agency's] summary judgment motion." *Strang v. United States Arms Control and Disarmament Agency*, 864 F.2d 859, 861 (D.C.Cir.1989).

■ In her pleadings, Broaddrick suggests that she needs discovery in order to "cross-examine witnesses, such as Ms. O'Claire." Pl.'s Opp'n at 12. This response is inadequate. The Court of Appeals in *Strang* specifically rejected the plaintiff's argument that she needed discovery in a Privacy Act case in order to "test and elaborate" the affidavit testimony. *Strang*, 864 F.2d at 861. The court held that this justification was insufficient to require the district court to deny a summary judgment motion and grant discovery. *See id.* For the same reasons, Broaddrick's claim that she needs discovery to cross-examine DOJ's other affiants must also fail. *See, e.g., Founding Church of Scientology v. NSA*, 610 F.2d 824, 836–37 n. 101 (D.C.Cir.1979) (noting that discovery should be denied if the plaintiff merely desires to find something that might cast doubt on the agency's affidavits).

■ Next, in a declaration from her attorney, Broaddrick claims that she is "unable to present affidavits concerning the FBI's search for records pursuant to Plaintiff's Privacy Act request, because facts concerning any such search remain solely within the purview of Defendants and third parties such as Lanny J. Davis, and Plaintiff has not has the opportunity to conduct discovery into any such search." Rule 56(f) Decl. of Paul J. Orfanedes, Esq. ¶ 4. ("Orfanedes Decl.").[12] The problem

---

12. Fed.R.Civ.P. 56(f) states that "[s]hould it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court *may* refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just." (emphasis added).

with Broaddrick's statement, however, is that FOIA and Privacy Act plaintiffs are generally not entitled to conduct discovery into the adequacy of an agency's search when, as is here, the court is satisfied that the agency's affidavits are sufficient. The court may accept agency's affidavits, without pre-summary judgment discovery, if the affidavits are made in good faith and provide reasonably specific detail concerning the methods used to produce the information sought. *See SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200–02 (D.C.Cir. 1991). The court may also deny discovery requests when the plaintiff's efforts represent no more than "bare hope of falling upon something that might impugn the affidavits." *Founding Church of Scientology v. NSA*, 610 F.2d 824, 836–37 n. 101 (D.C.Cir.1979). This appears to be the situation here.

■ The court finds that DOJ's affidavits are sufficiently detailed in setting forth the manner and terms the FBI used to search for files on Broaddrick. *See* O'Clair Decl. ¶¶ 3–9; O'Clair Suppl. Decl. ¶¶ 7–8. The affidavits also indicate in sufficient detail the manner in which FBI files are kept and the procedures used for their disclosure. Decl. of Luis G. Flores ¶¶ 3–6; Decl. of Edward L. Williams, Jr. ¶¶ 3–6. Given the adequacy of these affidavits and the fact that Broaddrick has produced no countervailing evidence to cast doubt on them, the court holds that Broaddrick is not entitled to discovery on this issue. *See Goland v. CIA*, 607 F.2d 339, 352–56 (D.C.Cir.1978) (affirming district court's grant of summary judgment without discovery where agency affidavits were sufficient), *cert. denied*, 445 U.S. 927, 100 S.Ct. 1312, 63 L.Ed.2d 759 (1980); *Master v. F.B.I.*, 926 F.Supp. 193, 195–97 (D.D.C. 1996) (denying discovery on search issue where court determined agency's search for documents was adequate), *aff'd mem.*, 124 F.3d 1309, 1997 WL 369460 (D.C.Cir. 1997).

Furthermore, in response to DOJ's statement of undisputed material facts, Broaddrick **admits** that the two FBI documents that contain Broaddrick's name "do not bear any indicia of dissemination" and, in fact, "were not disseminated outside the FBI because FBI policy requires the entry of such indicia if a document is disseminated." Def.'s Statement ¶ 5, ¶ 6; Pl.'s Response ¶ 5 ("[n]ot disputed"), ¶ 6 ("[n]ot disputed"). Because these facts are "not disputed," the court accepts them as true for purposes of this motion. The fact that Broaddrick concedes that the two documents containing her name were not disseminated further supports DOJ's claim that it is entitled to summary judgment.

■ Still, Broaddrick argues—in her pleadings—that summary judgment should not be granted because there is a question of material fact as to "what documents [Lanny] Davis was referring to when he stated on 'Hannity & Colmes' that Plaintiff had denied to the FBI that the President made 'unwanted sexual advances' towards her." Pl.'s Opp'n at 3–4. First, as the court indicated above, a party opposing summary judgment may not "rest upon mere allegation or denials of [her] pleadings." *Laningham v. United States Navy*, 813 F.2d 1236, 1241 (D.C.Cir.1987). Broaddrick seeks to do just that with this argument. Second, even if this court were inclined to entertain this argument, the court notes that Broaddrick's own transcript from the "Hannity & Colmes" television show, submitted as Exhibit 2 to her opposition motion, indicates that Davis says he was referring to information "in the Starr Report." Pl.'s Opp'n Mot. at Ex. 2, p. 7. Broaddrick's conjecture that Davis *might* have been referring instead to DOJ's "secret files" on Broaddrick is too speculative to warrant discovery, especially given that DOJ's properly supported affi-

davits indicate that no such files exist.[13] More importantly, Broaddrick's conclusory assertions—offered without any factual basis for support—do not satisfy her burden to set forth "affirmative evidence" showing a genuine issue for trial. *Laningham v. United States Navy*, 813 F.2d 1236, 1241 (D.C.Cir.1987). For it is "well settled that conclusory allegations unsupported by factual data will not create a triable issue of fact." *Exxon Corp. v. F.T.C.*, 663 F.2d 120, 126–27 (D.C.Cir.1980) (citation omitted).

The United States Court of Appeals for the Fifth Circuit may have stated it best:

> Where a plaintiff fails to produce any specific facts whatsoever to support a conspiracy allegation, a district court may, in its discretion, refuse to permit discovery and grant summary judgment. Something more than a fanciful allegation is required to justify denying a motion for summary judgment when the moving party has met its burden of demonstrating the absence of any genuine issue of material fact. A "bare assertion" that the evidence supporting a plaintiff's allegation is in the hands of the defendant is insufficient to justify a denial of a motion for summary judgment under Rule 56(f).... Rule 56(f) cannot be relied upon to defeat a summary judgment motion "where the result of a continuance to obtain further information would be wholly speculative."

*Paul Kadair, Inc. v. Sony Corp. of America*, 694 F.2d 1017, 1030 (5th Cir. 1983) (internal quotations omitted).

In sum, Broaddrick has presented no factual support for her conspiracy allegations that the "Clinton Gore DOJ" maintained and disseminated confidential files on her in order "to smear and destroy her reputation." Pl.'s Opp'n at 3; Compl. ¶ 15. Broaddrick has also failed to fulfill her summary judgment burden to rebut DOJ's properly-supported evidence that the FBI did not maintain any subject files on Broaddrick and did not disseminate any documents that contain Broaddrick's name. *See* Def.'s Statement ¶¶ 3–6. Given the wholly speculative nature of Broaddrick's allegations, as compared to DOJ's properly-supported evidence, the court holds that DOJ is entitled to judgment as a matter of law.

## III. CONCLUSION

For the foregoing reasons, the court grants the EOP's motion to dismiss, denies Broaddrick's cross motion for partial summary judgment, grants DOJ's motion to dismiss the denial of access claim, and grants DOJ's amended motion for summary judgment on all remaining claims. An appropriate order accompanies this memorandum opinion.

---

**13.** Furthermore, the court does not have jurisdiction under the FOIA or the Privacy Act to permit either party to depose Lanny Davis, because he is a private citizen and was never employed by an "agency" as defined by the statutes. *See, e.g., Kurz–Kasch, Inc. v. United States Dep't of Defense*, 113 F.R.D. 147, 148 (S.D.Ohio 1986) (holding that the court did not have jurisdiction under the FOIA to grant discovery request against private citizen).